ALAN A. LIMBACH (Bar No. 173059)
alan.limbach@dlapiper.com
ELIZABETH DAY (Bar No. 177125)
elizabeth.day@dlapiper.com
GREGORY J. LUNDELL (Bar No. 234941)
greg.lundell@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant and Counterclaimant
ESSEPLAST USA (NC) INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff and Counter Defendant,<br><br>v.<br><br>ESSEPLAST USA (NC) INC., a Delaware corporation, and DOES 1-10,<br><br>Defendants and Counterclaimant. | Case No. 07-cv-2277 BTM (CAB)<br><br>**DEFENDANT ESSEPLAST'S ANSWER AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Defendant Esseplast USA (NC), Inc. ("Esseplast") by its undersigned counsel hereby answers Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust's ("SRDT") Complaint for Patent Infringement and Counterclaims for Declaratory Judgment as follows:

**THE PARTIES**

1. Esseplast is without sufficient information or belief to admit or deny the allegations of paragraph 1 and, on that basis, denies them.

2. Esseplast admits that it is a corporation organized under the laws of Delaware, having a principal office located at 7600 Statesville Road, Charlotte, North Carolina 28269. Esseplast further admits that PetSmart sells Esseplast plastic products in this District. Esseplast is without sufficient information of belief to admit or deny the remaining allegations of this paragraph and on that basis denies them.

3. Denied.

4. Esseplast is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

**JURISDICTION and VENUE**

5. Admitted.

6. Esseplast admits that venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b). Esseplast denies the remaining allegations of this paragraph.

7. Admitted.

**GENERAL ALLEGATIONS**

8. Esseplast admits that the cover page of the '184 patent is entitled "Stabilized Injection Mold Part With Separate Complimentary Mold Parts," and states that the date of patent is June 19, 1990. Except as specifically admitted, Esseplast denies the remaining allegations of this paragraph.

9. Esseplast is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

10. Esseplast admits that it has received numerous threatening letters from the Plaintiff regarding the ’184 patent as early as July, 2006, and denies the remaining allegations of this paragraph.

11. Esseplast is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

12. Denied as to Esseplast. Esseplast is without sufficient information or belief to admit or deny the allegations of remainder of this paragraph and on that basis, denies them.

13. Admitted as to Esseplast. Esseplast is without sufficient information or belief to admit or deny the allegations of the remainder of this paragraph an on that basis, denies them.

## CLAIM FOR RELIEF

### (Patent Infringement)

14. Esseplast realleges and incorporates herein by reference its responses in paragraphs 1 through 13, inclusive, as though fully set forth herein.

15. Denied.

16. Esseplast is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

17. Esseplast possesses some manufacturing process information for its products, and denies the remaining allegations of this paragraph.

18. Esseplast has been given an opportunity to refute Plaintiff’s charge of infringement and has done so, and denies the remaining allegations of this paragraph.

19. Plaintiff has requested information about the manufacturing process of the Esseplast Topfin Hand Held Glass Scrubber, and Esseplast has responded with such information. Esseplast denies the remaining allegations of this paragraph.

20. Esseplast admits that Sorensen offered to negotiate a license with Esseplast for Esseplast’s alleged use of the ’184 patent. Except as expressly admitted, Esseplast denies the remaining allegations of this paragraph.

21. Esseplast admits that it has not procured a license to the ’184 patent. Except as expressly admitted, Esseplast denies the remaining allegations of this paragraph.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

**PRAYER FOR RELIEF**

28. Esseplast denies that Sorensen is entitled to any relief, and specifically denies all of the allegations and prayers for relief contained in paragraphs a-j in Sorensen's Prayer for Relief.

**DEMAND FOR JURY TRIAL**

29. This paragraph states only a legal assertion, and thus, no response is required.

**ESSEPLAST'S DEFENSES**

30. Esseplast, without waiver, limitation, or prejudice, hereby asserts the following defenses:

**FIRST DEFENSE**

**(Failure to State a Claim)**

31. The Complaint and each and every one of its allegations fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

**(Noninfringement)**

32. Esseplast does not and has not infringed any valid claim of the '184 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

**THIRD DEFENSE**

**(Invalidity)**

33. On information and belief, one or more claims of the '184 patent that are allegedly infringed by Esseplast are invalid for failure to comply with one or more of the conditions of

patentability set forth in Part II of Title 35 of the United States Code including, for example, Sections 102, 103, 112, 116, and/or 132.

**FOURTH DEFENSE**

**(Prosecution History Estoppel)**

34. The claims of the ’184 patent are and were limited by amendment, by the prior art and/or by the statements made during its prosecution before the USPTO, such that Sorensen is now estopped and otherwise precluded from maintaining that such claims of the ’184 patent are of sufficient scope to cover the accused products and methods, either literally or under the application of the doctrine of equivalents.

**FIFTH DEFENSE**

**(Equitable Estoppel and/or laches)**

35. Sorensen’s claims against Esseplast with respect to the ’184 patent are barred by equitable estoppel and/or laches.

**SIXTH DEFENSE**

**(Damages Limitations)**

36. Esseplast alleges on information and belief that any claim for damages for patent infringement by Sorensen is limited, including, but not limited to, by 35 U.S.C. § 286.

**RESERVATION OF DEFENSES**

37. To the extent not already pled, Esseplast reserves its right to add additional defenses pending further investigation and discovery.

**COUNTERCLAIMS FOR DECLARATORY RELIEF**

1. Counterclaimant Esseplast USA (NC) Inc. (“Esseplast”) by its undersigned counsel hereby states its Counterclaims for Declaratory Relief:

**PARTIES**

2. Counterclaimant Esseplast is a Delaware corporation, having its principal office located at 7600M Statesville Road, Charlotte, North Carolina 28269.

3. On information and belief, Counterclaimant Defendant Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust's ("Sorensen") is a California resident, and the trustee of a trust organized according to California law.

**JURISDICTION and VENUE**

4. On December 4, 2007 Sorensen filed a Complaint alleging that Esseplast and other defendants infringe U.S. Patent No. 4,935,184 (the "'184 patent").

5. This Court has subject matter jurisdiction over Esseplast's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, United States Code, for which jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a).

6. By filing its Complaint, Sorensen has consented to the personal jurisdiction of this Court.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

8. Sorensen, by his Complaint, has asserted and continues to assert that Esseplast is infringing the '184 patent. Esseplast, by its Answer, has asserted and continues to assert that it does not infringe the '184 patent and that the '184 patent is invalid and unenforceable. Thus, an actual, justiciable controversy exists between Sorensen and Esseplast concerning the infringement and validity of the '184 patent.

**COUNTERCLAIM I**

**(Declaration of Noninfringement)**

9. Esseplast incorporates by reference each and every allegation contained in paragraphs 1-8 of its Counterclaim as though set forth at length.

10. Esseplast does not and has not infringed any valid claim of the '184 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

11. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Esseplast is entitled to a declaratory judgment that it does not and has not infringed the '184 patent.

**COUNTERCLAIM II**

**(Declaration of Invalidity)**

12. Esseplast incorporates by reference each and every allegation contained in paragraphs 1-11 of its Counterclaim as though set forth at length.

13. On information and belief, one or more claims of the ’184 patent that are allegedly infringed by Esseplast are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, for example, Sections 102, 103, 112, 116, and/or 132.

14. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2210 *et seq.*, Esseplast is entitled to a declaratory judgment that one or more claims of the ’184 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Esseplast prays for relief as follows:

a) That the Court enter judgment in favor of Esseplast and against Sorensen on Esseplast’s Counterclaims;

b) That the Court enter judgment in favor of Esseplast and against Sorensen on Sorensen’s claims against Esseplast for patent infringement;

c) That Esseplast be found not to infringe the ’184 patent;

d) That the ’184 patent be found invalid;

e) That the ’184 patent be found unenforceable;

f) That the Court find this case exceptional and order Sorensen to pay Esseplast its costs and attorney’s fees; and

///

///

///

///

///

g) That the Court grant such other relief as the Court deems just and proper under these circumstances.

Dated: January 28, 2008

DLA PIPER US LLP

By /s/ Alan Limbach

ALAN LIMBACH
M. ELIZABETH DAY
GREGORY J. LUNDELL
2000 University Avenue
East Palo Alto, CA 94303-2248
(650) 833-2000 (Telephone)
(650) 833-2001 (Fax)
alan.limbach@dlapiper.com
elizabeth.day@dlapiper.com
greg.lundell@dlapiper.com

Attorneys for Defendant and Counterclaimant
ESSEPLAST USA (NC) INC.

**PROOF OF SERVICE**

I hereby certify that on January 28, 2008, I caused the foregoing DEFENDANT ESSEPLAST'S ANSWER AND COUNTERCLAIMS; JURY TRIAL DEMANDED to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

*Attorneys for Plaintiff*

J. Michael Kaler (158296)
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121
Phone: (858) 362-3151
Fax: (858) 824-9073
michael@kalerlaw.com

Melody A. Kramer (169984)
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, CA 92121
Phone: (858) 362-3150
Fax: (858) 824-9073
mak@kramerlawip.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Gregory J. Lundell
Attorneys for Esseplast USA (NC), Inc.