ALAN A. LIMBACH (Bar No. 173059)
alan.limbach@dlapiper.com
ELIZABETH DAY (Bar No. 177125)
elizabeth.day@dlapiper.com
GREGORY J. LUNDELL (Bar No. 234941)
greg.lundell@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
ESSEPLAST USA (NC), INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff and Counter Defendant,<br><br>v.<br><br>ESSEPLAST USA (NC), INC., a Delaware corporation, and DOES 1-10,<br><br>Defendants and Counterclaimant. | CV NO. 07-cv-2277 BTM (CAB)<br><br>**DEFENDANT ESSEPLAST'S MOTION TO STAY THE LITIGATION PENDING REEXAMINATION OF U.S. PATENT NO. 4,935,184**<br><br>**Date: March 14, 2008**<br>**Time: 11 a.m.**<br>**Courtroom 15, Fifth Floor**<br>**Hon. Barry Ted Moskowitz**<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

Defendant Esseplast USA (NC), Inc. ("Esseplast") respectfully moves to stay this case pending the United States Patent and Trademark Office's ("PTO") reexamination of the sole patent asserted in this case, United States Patent No. 4,935,184 ("the '184 patent").

## MEMORANDUM OF LAW

## I. INTRODUCTION

The '184 patent is currently in reexamination before the PTO. This litigation should be stayed pending the outcome of the reexamination. Before Plaintiff Jens Erik Sorensen ("Sorensen") filed his Complaint in the present action, the PTO ordered the '184 patent into

reexamination based on eight prior art references. In its Order, the PTO: (a) determined that there was a substantial likelihood that a reasonable examiner would consider the teachings of the references important in deciding whether or not certain claims were patentable, and (b) identified fourteen substantial new questions of patentability as to certain claims that had not been decided in any previous examination of the patent. *See* Declaration of Gregory J. Lundell in Support of Esseplast's Motion to Stay (the "Lundell Decl."), ¶ 2, Ex. A. Since then, the '184 patent has become the subject of a second request for reexamination based on nine prior art references (eight of which are in addition to the eight references submitted in connection with the first reexamination.) Lundell Decl., ¶ 5, Ex. D. Based on the reexamination proceedings before the PTO, at least two district courts, including this Court, have stayed litigations involving the '184 patent. *Id.* at ¶¶ 3-4, Exs. B & C.

For at least the following reasons, the Court should stay this case until the PTO completes its reexamination of the '184 patent and determines whether each of the claims asserted in this lawsuit remain valid. This Court has already found it appropriate to stay a similar action involving the same patent. Lundell Decl., ¶ 3, Ex. B. As described below in more detail, the same considerations that supported this Court's decision to order a stay in *Jens Erik Sorensen v. The Black & Decker Corp., et al.*, Case No. 06cv1572 (S.D. Cal. Sept. 10, 2006), are present in this case. *See id.*

First, a stay will promote judicial economy and consistency. Some or all of the '184 patent's claims may be cancelled or amended during reexamination. In light of the fact that this case has barely begun, it would be inefficient to set a schedule, conduct discovery, conduct a *Markman* hearing, or conduct a trial on claims that may cease to exist, or which may no longer exist in their present form. If some claims do survive reexamination but are subject to limiting amendments or statements, the scope of what is at issue in this case could significantly change. Any such change could impact what is discoverable in this case. Because the parties have not yet begun any discovery, Esseplast respectfully submits that the PTO should complete its reexamination of the '184 patent before the parties and the Court expend resources on this case.

Staying this case will also preserve consistency among the various litigations presently pending[1]. Of these litigations, at least two others are stayed pending the reexamination of the ’184 patent.

Second, a stay will simplify or clarify the issues in this case. If some or all of the ’184 patent claims presently in reexamination are found invalid by the PTO, the Court will not need to address issues related to infringement, validity or enforceability of those claims. Furthermore, for any claims that may survive reexamination, statements made by Sorensen in response to the reexamination will be highly relevant and instructive to the proper construction of any remaining patent claims. A stay will also simplify issues relating to any alleged damages in this case as Sorensen will not be entitled to recover damages for past infringement of claims that are cancelled or amended during reexamination. And given that the patent is set to expire on February 5, 2008, a stay is particularly appropriate.

Third, a stay will not prejudice Sorensen. Sorensen does not compete with Esseplast in the marketplace, and in fact does not make or sell any products – his business apparently only relates to asserting the patent-in-suit. As such, Sorensen may only seek to recover damages based on a reasonable royalty and thus can be adequately compensated through monetary damages for any purported harm caused by a stay of this litigation.

Fourth, Esseplast’s Motion comes at the inception of this case. In fact, Esseplast filed its motion contemporaneously with its Answer. Thus, this Motion is timely and is not a dilatory tactic.

All of the relevant factors in this case favor granting Esseplast’s Motion to Stay.

## II. PROCEDURAL HISTORY

### A. The Reexamination Proceedings

On July 30, 2007 Black & Decker (U.S.), Inc. (“B&D”) requested a third party reexamination of the ’184 patent. Lundell Decl., ¶ 8, Ex. G. The PTO assigned the reexamination request application/control number 90/008,775 (the “’775 re-exam”). *Id.* at ¶ 2, Ex. A. On October 11, 2007 the PTO agreed with B&D’s request and ordered a reexamination of claims 1, 2, 4, and 6-10 of the ’184 patent. *Id.* In its order, the PTO determined that there is a

[1] Cite to notice of related cases.

substantial likelihood that a reasonable examiner would consider the teachings of eight prior art references important in deciding whether or not certain claims were patentable. *Id.* at ¶¶ 2 & 7, Exs. A & F. Based on the eight references, the PTO identified fourteen substantial new questions of patentability related to the ’184, that is, fourteen reasons to potentially reject some or all of the claims in reexamination. *Id.* at ¶ 2, Ex. A.

On December 21, 2007 Phillips Plastics Corp. and Hi-Tech Plastics, Inc. filed a second third party request for reexamination of the ’184 patent. Lundell Decl., ¶¶ 5-6, Exs. D & E. The PTO assigned this request application/control number 90/008,976 (the “’976 re-exam application”). *Id.* at ¶ 6, Ex. E. As a basis for reexamination, the ’976 re-exam application shares one prior art reference with the ’775 re-exam proceedings and identifies an additional eight prior art references. *Id.* at ¶¶ 6-7, Exs. E & F. The ’976 re-exam also cites statements from Sorensen, and an order from the Federal Circuit construing a claim term of the ’184 patent. *Id.* at ¶ 7, Ex. F. The PTO has not yet ordered reexamination in the ’976 re-exam application.

**B. This Case Is Still in the Early Stages and Discovery Has Yet to Begin**

Despite the activity surrounding the ’184 patent before the PTO, Sorensen filed this suit on November 30, 2007 accusing Esseplast of infringing the ’184 patent. On January 28, 2008, contemporaneously with this Motion, Esseplast filed its Answer and Counterclaims. This Court has not yet issued a scheduling order.

## III. ARGUMENT

**A. The Court Has Broad Discretion to Grant a Stay Pending Reexamination of the Patent-In-Suit**

A district court has the inherent power to stay litigation pending resolution of reexamination proceedings before the PTO. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *Ethicon v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Indeed, “there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings.” *ASCII Corp. v. STD Entm’t USA*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (stay granted); *see also Direct Imaging Sys., Inc. v. U.S. Graphic Arts, Inc.*, 2007 WL 778633, at *1 (M.D. Fla. Mar. 12, 2007)

(“the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays . . . .”) (quoting *Lentek Int’l, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001)).

Some of the factors courts consider when deciding whether to stay a case pending reexamination are: (1) whether a stay will promote judicial economy; (2) whether a stay will simplify the issues in question and trial of the case; (3) whether a stay will unduly prejudice the non-moving party; and (4) the stage of the litigation when the stay request is made. *See, e.g., Ho Keung Tse v. Apple, Inc.*, 2007 WL 2904279, *2 (N.D. Cal. 2007); *Direct Imaging Sys., Inc.*, 2007 WL 778633, at *2; *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, **2-5 (N.D. Cal. 2006); *and Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

“A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement case.” *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005).

### B. The Court Should Exercise Its Discretion to Stay Litigation of the ’184 patent

In this case, the factors enumerated above support granting Esseplast’s motion to stay.

#### 1. A Stay in This Case Will Promote Judicial Economy and Consistency

##### a. A Stay Will Promote Judicial Economy

A stay of the current litigation will promote judicial economy because the Court can avoid a *Markman* hearing and trial, and attendant discovery issues, relating to patent claims that may be cancelled or amended during the PTO’s reexamination of the patent-in-suit. Importantly, claims that are eliminated during reexamination are treated as if they never issued and cannot be asserted in litigation. *See Gould*, 705 F.2d at 1342. Likewise, claims that are substantively amended during reexamination are treated as if they issued at the end of reexamination, such that damages for infringement of those claims begin to accrue only after issuance of the reexamination certificate. *See Bloom Eng’g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). Accordingly, absent a stay, a court likely will waste time and resources construing and trying patent claims that may be eliminated or amended during reexamination. *See Target Therapeutics,*

*Inc. v. SciMed Life Sys.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (without a stay, a court may waste time examining validity of claims modified or eliminated in reexamination); *Tap Pharm. Prods. v. Atrix Labs., Inc.*, 2004 WL 422697, at *2 (N.D. Ill. 2004) (same; noting the PTO invalidates claims in 10% of reexaminations and amends the claims in 64% of reexaminations).

Staying this case now will also promote judicial economy because the case is at a very early stage. Discovery on the merits has not yet begun and no Markman hearing has been scheduled. Because neither the Court nor the parties have yet expended significant resources in this case, the Court should stay this matter and allow the reexamination to run its course.

**b. A Stay Will Promote Consistency**

This Court has already stayed one litigation involving the ’184 patent. Lundell Decl., ¶ 3, Ex. B. In addition, another court in the Northern District of California also found it appropriate to stay a litigation in which the ’184 patent is alleged to be infringed. *Id.* at ¶ 4, Ex. C. There is no reason to allow this action to proceed until the PTO concludes its reexamination of the ’184 patent.

**2. A Stay Will Simplify the Issues in This Case**

Staying litigation concerning the ’184 patent will also simplify the issues related to the patent. As discussed above, issues relating to the validity, infringement, unenforceability and damages may be significantly narrowed or eliminated during the PTO’s reexamination because some or all of the claims may be cancelled or amended. Even if some of the claims survive, Sorensen will certainly attempt to distinguish the claims of the ’184 patent from the new prior art during reexamination. Such statements will be highly relevant to the proper construction of any surviving claims. *See C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 867-69 (Fed. Cir. 2004) (citing statements made by patentee during reexamination to support the district court’s claim construction and judgment of non-infringement).

In addition, the PTO’s analysis of the prior art during reexamination will help narrow the validity issues in this case and provide the Court with the PTO’s understanding of the prior art. *See Direct Imaging Sys., Inc.*, 2007 WL 778633, at *3 (“A stay will allow both the parties and the Court to take advantage of the PTO’s expert analysis of the [patent-at-issue] and may limit or

narrow the remaining issues to be litigated.”). A stay will also simplify the damages issues in this case because Sorensen will not be able to seek past damages for claims cancelled or amended during reexamination. *See Bloom Eng’g Co.*, 129 F.3d at 1250. Finally, because some of the prior art forming the basis for the PTO’s reexamination order will also be relied upon by Esseplast in this case, staying litigation pending completion of the reexamination will provide both parties with additional information regarding the merits of their litigation positions and may promote settlement. *See GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 65 (D. N.J. 1992) (noting that a “record of reexamination . . . may further encourage settlement without further court intervention”). The broad range of issues that will be affected and simplified as a result of the reexamination strongly supports a stay.

**3. Sorensen Will Not Be Unduly Prejudiced by a Stay**

Sorensen will not be prejudiced by a stay of the litigation pending the PTO’s reexamination of the validity of the ’184 patent. Importantly, Sorensen does not make or sell any products. *See Middleton, Inc. v. Minn. Mining & Mfg. Co.*, 2004 WL 1968669, at *9 (patentee “is not . . . selling or marketing products under its patent. Indeed, it has never done so and thus has no market to protect. Under similar circumstances, a district court found ‘money damages are an adequate remedy for any delay in redress’ where the patentee was not ‘selling or actively licensing goods or services related to’ the patent in suit.’”) (citations omitted). Accordingly, because Sorensen does not compete with Esseplast, any damages for alleged infringement would be limited to a reasonable royalty.

To the extent any claims of the ’184 patent survive reexamination unchanged, and are found to be infringed, any royalty damages would continue to accrue during a stay. As a result, money damages are sufficient to compensate Sorensen for any alleged infringement during the stay, and Sorensen will not be prejudiced if the Court stays this action pending reexamination. *See Perricone v. Unimed Nutritional Servs., Inc.*, 2002 WL 31075868 at *3 (D. Conn. 2002) (monetary damages can compensate patentee for alleged infringement during stay); *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co., Ltd.*, 1987 WL 6314 at *2 (N.D. Ill. 1987) (same). Moreover, the ’184 patent expires on February 5, 2008 so any injunctive relief will be completely

out of the question by the time Sorensen is even required to respond to this motion.

**4. Esseplast's Request for a Stay is Timely and Not a Dilatory Tactic**

Esseplast has no dilatory motive in requesting a stay in this litigation. First, it was not Esseplast's decision to seek reexamination on the '184 patent. That decision was made before Sorensen even filed his Complaint in this litigation. Thus, Esseplast cannot be credited with any dilatory motive for pursing the reexamination itself.

Second, Esseplast did not test the waters to this litigation before deciding to ask for a stay. Instead, Esseplast filed this motion concurrently with its Answer. Based on the PTO's identification of at least 14 substantial questions of patentability, it appears likely that the '184 patent will not survive reexamination. Nevertheless, Esseplast petitions the Court to stay the case and thereby allow the parties to conserve resources by not forcing litigation on issues that may shortly become moot. This is not an instance of a party asking to stay a litigation that is going badly or is about to conclude. *Cf. Agar Corp., Inc. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1128 (S.D. Tex. 1997) (finding that "courts are inclined to deny a stay when the case is set for trial and the discovery phase has almost been completed."). Here, the discovery phase has not even begun.

Because there can be no dilatory motive on Esseplast's part, this factor also weighs in favor of granting a stay.

///

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION

Staying this case pending reexamination of the ’184 patent will promote judicial economy, simplify the issues in this case, and will not unduly prejudice Sorensen. Accordingly, Esseplast respectfully requests that the Court grant Esseplast’ motion to stay litigation regarding the ’184 patent until the reexamination is completed.

Dated: January 28, 2008

DLA PIPER US LLP

By /s/ Alan Limbach
ALAN LIMBACH
ELIZABETH DAY
GREGORY LUNDELL
Attorneys for Defendant
ESSEPLAST (USA) NC, INC.

## PROOF OF SERVICE

I hereby certify that on January 28, 2008, I caused the foregoing DEFENDANT ESSEPLAST'S MOTION TO STAY LITIGATION PENDING REEXAMINATION OF U.S. PATENT NO. 4,935,184 to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

*Attorneys for Plaintiff*

J. Michael Kaler (158296)
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121
Phone: (858) 362-3151
Fax: (858) 824-9073
michael@kalerlaw.com

Melody A. Kramer (169984)
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, CA 92121
Phone: (858) 362-3150
Fax: (858) 824-9073
mak@kramerlawip.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Gregory J. Lundell
Attorneys for Esseplast USA (NC), Inc.