# EXHIBIT A

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,775 | 07/30/2007 | 4935184 | X32441 | 9943 |

22653 7590 10/11/2007

EDWARD W CALLAN
NO. 705 PMB 452
3830 VALLEY CENTRE DRIVE
SAN DIEGO, CA 92130

| EXAMINER | |
|---|---|
| ART UNIT | PAPER NUMBER |

DATE MAILED: 10/11/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

10/11/07

Arnold Turk, Esq.
Greenblum & Bernstein P. L. C.
1950 Roland Clarke Place
Reston VA 20191

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO 90/008775
PATENT NO. 4,935,184
ART UNIT 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a replly has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| Order Granting / Denying Request For Ex Parte Reexamination | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/008,775 | 4935184 | |
| | Examiner | Art Unit | |
| | Alan Diamond | 3991 | |

--*The MAILING DATE of this communication appears on the cover sheet with the correspondence address*--

The request for *ex parte* reexamination filed *30 July 2007* has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892, b)☒ PTO/SB/08, c)☐ Other: _____

1. ☒ The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐ by Treasury check or,

b) ☐ by credit to Deposit Account No. _____, or

c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Alan Diamond
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )

***Decision on Reexamination Request***

1. A substantial new question of patentability affecting claims 1, 2, 4, and 6-10 of United States Patent Number 4,935,184 to Sorensen, is raised by the request for *ex parte* reexamination. The request for reexamination is Third Party requested.

2. Since requestor did not request reexamination of claims 3 and 5 and did not assert the existence of a substantial new question of patentability (SNQ) for such claims (see 35 U.S.C. § 302); see also 37 CFR 1.510b and 1.515), such claims will not be reexamined. This matter was squarely addressed in *Sony Computer Entertainment America Inc., et al v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. The District Court upheld the Office's discretion to not reexamine claims in a reexamination proceeding other than those claims for which reexamination had specifically been requested. The Court stated:

> "To be sure, a party may seek, and the PTO may grant, ...review of each and every claim of a patent. Moreover, while the PTO in its discretion may review claims for which ... review was not requested, nothing in the statute compels it to do so. To ensure that the PTO considers a claim for ... review, ...requires that the party seeking reexamination demonstrate why the PTO should reexamine each and every claim for which it seeks review. Here, it is undisputed that Sony did not seek review of every claim under the '213 and '333 patents. Accordingly, Sony cannot now claim that the PTO wrongly failed to reexamine claims for which Sony never requested review, and its argument that AIPA compels a contrary result is unpersuasive."

***Extension of Time***

3. Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

***Substantial New Question of Patentability (SNQ)***

4. The presence or absence of a "substantial new question of patentability" determines whether or not reexamination is ordered.

For a "substantial new question of patentability" to be present, it is only necessary that :

A) the prior art patents and/or printed publications raise a substantial new question of patentability regarding at least one claim, i.e., the teaching of the (prior art) patents and printed publications is such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim is patentable; and

B) the same question of patentability as to the claim has not been decided by the Office in a previous examination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim.

A SNQ may be based solely on old art where the old art is being presented/viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination(s), in view of a material new argument or interpretation in the request. (MPEP 2242).

***Request***

**5. The request indicates the Requestor considers that Moscicki (U.S. Patent 3,178,497) raises a substantial new question of patentability with respect to claims 1, 4, 6-8 and 10 of Sorensen.**

It is agreed that consideration of Moscicki raises a substantial new question of patentability as to claims 1, 4, 6-8 and 10 of Sorensen. Page 28, line 14 though page 32, seventh line from the bottom; page 56 at the start of section 8 through page 58, line 5; page 83, line 13 through page 86, line 9; page 86, line 22 through page 87, line 22; page 94, lines 1-19; page 98, line 6 through page 99, line 2; and page 107, line 18 through page 108, line 11, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Moscicki that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 4, 6-8 and 10 of Sorensen were patentable. Accordingly, Moscicki raises a substantial new question of patentability as to claims 1, 4, 6-8 and 10, which question has not been decided in a previous examination of the Sorensen patent.

**6. The request indicates the Requestor considers that Seima (GB 2004494 A) raises a substantial new question of patentability with respect to claims 1, 2 and 6-10 of Sorensen.**

It is agreed that consideration of Seima raises a substantial new question of patentability as to claims 1, 2 and 6-10 of Sorensen. Page 32, sixth line from the bottom, through the end of page 36; page 60, fifth line from the bottom, through page 62, line 3; page 80, line 10 through page 83, line 12; page 88, line 13 through page 89, line 15; page 95, line 13 through page 96, line 9; page 99, line 15 through page 100, line 11; page 104, line 1 through page 107, line 4; and page 109, lines 1-20, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Seima that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 2 and 6-10 of Sorensen were patentable. Accordingly, Seima raises a substantial new question of patentability as to claims 1, 2 and 6-10, which question has not been decided in a previous examination of the Sorensen patent.

**7. The request indicates the Requestor considers that Gits (U.S. Patent 2,863,241) raises a substantial new question of patentability with respect to claim 1 of Sorensen.**

It is agreed that consideration of Gits raises a substantial new question of patentability as to claim 1 of Sorensen. Page 37, line 1 through the end of section 3 on page 40, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Gits that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood

that a reasonable examiner would consider this teaching important in deciding whether or not claim 1 of Sorensen was patentable. Accordingly, Gits raises a substantial new question of patentability as to claim 1, which question has not been decided in a previous examination of the Sorensen patent.

**8. The request indicates the Requestor considers that Shiho *et al* (U.S. Patent 4,440,820, hereinafter "Shiho") raises a substantial new question of patentability with respect to claims 1, 6-8 and 10 of Sorensen.**

It is agreed that consideration of Shiho raises a substantial new question of patentability as to claims 1, 6-8 and 10 of Sorensen. The beginning of section 4 on page 40 through the end of section 4 on page 44; page 90, lines 4-20; page 96, line 23 through page 97, line 6; page 101, lines 1-11; and page 110, lines 14-23, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Shiho that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 6-8 and 10 of Sorensen were patentable. Accordingly, Shiho raises a substantial new question of patentability as to claims 1, 6-8 and 10, which question has not been decided in a previous examination of the Sorensen patent.

**9. The request indicates the Requestor considers that JP 60-119520 U to Toyota Motor (hereinafter "Toyota") raises a substantial new question of patentability with respect to claim 1 of Sorensen.**

It is agreed that consideration of Toyota raises a substantial new question of patentability as to claim 1 of Sorensen. The beginning of section 5 on page 44 through the end of section 5 on page 48; and page 70, line 1 through page 71, line 8, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Toyota that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claim 1 of Sorensen was patentable. Accordingly, Toyota raises a substantial new question of patentability as to claim 1, which question has not been decided in a previous examination of the Sorensen patent.

**10. The request indicates the Requestor considers that German Published Patent Application No. 1850999 to Echterholter raises a substantial new question of patentability with respect to claim 1 of Sorensen.**

It is agreed that consideration of Echterholter raises a substantial new question of patentability as to claim 1 of Sorensen. The beginning of section 6 on page 48 through page 53, line 6; and page 73, line 10 through page 74, line 17, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Echterholter that was not present in the prosecution of the

application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claim 1 of Sorensen was patentable. Accordingly, Echterholter raises a substantial new question of patentability as to claim 1, which question has not been decided in a previous examination of the Sorensen patent.

**11. The request indicates the Requestor considers that Wright, "New vigor for two-shot molding automation... versatility... ingenuity," Modern Plastics, May 1986, pp. 79-83, (hereinafter "Modern Plastics") raises a substantial new question of patentability with respect to claims 1, 6 and 8 of Sorensen.**

It is agreed that consideration of Modern Plastics raises a substantial new question of patentability as to claims 1, 6 and 8 of Sorensen. Page 53, line 7 through the end of section 7 on page 56; page 77, line 1 through page 78, line 8; page 92, line 9 through page 93, line 12; and page 102, line 16 through page 103, line 11, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Modern Plastics that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 6 and 8 of Sorensen were patentable. Accordingly, Modern Plastics raises a substantial new question of patentability as to claims 1, 6 and 8, which question has not been decided in a previous examination of the Sorensen patent.

**12. The request indicates the Requestor considers that Moscicki in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability with respect to claims 1, 4, 6-8 and 10 of Sorensen.**

It is agreed that consideration of Moscicki in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability as to claims 1, 4, 6-8 and 10 of Sorensen. Page 58, line 6 through the end of section 9 on page 60; page 86, lines 10-21; page 88, lines 1-12; page 95, lines 1-12; page 99, lines 3-14; and page 108, lines 12-23, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Moscicki, Echterholter and Modern Plastics that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 4, 6-8 and 10 of Sorensen were patentable. Accordingly, Moscicki in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability as to claims 1, 4, 6-8 and 10, which question has not been decided in a previous examination of the Sorensen patent.

**13. The request indicates the Requestor considers that Selma in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability with respect to claims 1 and 6-10 of Sorensen.**

It is agreed that consideration of Selma in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability as to claims 1 and

6-10 of Sorensen. Page 62, line 4 through page 64, line 3; page 89, line 16 through page 90, line 3; page 96, lines 10-22; page 100, lines 12-24; page 107, lines 5-17; and page 110, lines 1-13, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Selma, Echterholter and Modern Plastics that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1 and 6-10 of Sorensen were patentable. Accordingly, Selma in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability as to claims 1 and 6-10, which question has not been decided in a previous examination of the Sorensen patent.

**14. At page 64, line 4 through page 67, line 18; page 90, line 21 through page 91, line 13; page 97, lines 7-16; and page 101, lines 12-22, the request indicates the Requestor considers that Schad (U.S. Patent 4,422,995) raises a substantial new question of patentability with respect to claims 1 and 6-8 of Sorensen.**

Schad does not raise a substantial new question of patentability with respect to claims 1 and 6-8 of Sorensen. In the prosecution of application Serial No. 07/386,012, which matured into the Sorensen patent, Schad was used to reject all the claims (1-10) under 35 USC 103(a). The rejection over Schad was overcome and the Sorensen patent was allowed after applicant amended steps (h) and (i) of claim 1 so as to recite the injection of first/second plastic material until it reaches the portion of the first/second

mold cavity that defines the rim of the product. Third party requestor even admits at page 66, lines 16-18, of the request that "Schad does not specifically disclose a first injection material which 'reaches the portion of the mold cavity that defines the rim of the product.'" Third party requestor cites *KSR int'l Co. v. Teleflex Inc.* and design choice for the obviousness of modifying Schad so that a first injection material reaches the portion of the mold cavity that defines the rim of the product (Request, pages 66-67). Third party requestor notes that "design choice" with respect to product shape was considered by the Examiner in the rejection over Schad that was mailed 10/11/1988 during prosecution of the 07/386,012 application (see page 67 of the Request). Consideration of Shad in view of *KSR int'l Co. v. Teleflex Inc.* or "design choice" does not provide any new teaching with respect to Schad as compared with its use in the prosecution of the Sorensen patent. Accordingly, Schad is not being viewed in a new light compared with its use in the prosecution of the Sorensen patent, and thus, does not raise a substantial new question of patentability with respect to claims 1 and 6-8 of Sorensen.

**15. The request indicates the Requestor considers that Schad in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability with respect to claims 1 and 6-8 of Sorensen.**

It is agreed that consideration of Schad in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability as to claims 1 and 6-8 of Sorensen. Page 67, lines 19 through the last line on page 69; page 91, line 14

through page 92, line 8; page 97, line 17 through page 98, line 5; and page 102, lines 1-15, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Schad, Moscicki, Seima and Shiho that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1 and 6-8 of Sorensen were patentable. Accordingly, Schad in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability as to claims 1 and 6-8, which question has not been decided in a previous examination of the Sorensen patent.

**16. The request indicates the Requestor considers that Toyota in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability with respect to claim 1 of Sorensen.**

It is agreed that consideration of Toyota in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability as to claim 1 of Sorensen. Page 71, line 9 through page 73, line 9, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Toyota, Moscicki, Seima and Shiho that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claim 1 Sorensen was patentable. Accordingly, Toyota in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability as to claim

1, which question has not been decided in a previous examination of the Sorensen patent.

**17. The request indicates the Requestor considers that Echterholter in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability with respect to claim 1 of Sorensen.**

It is agreed that consideration of Echterholter in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability as to claim 1 of Sorensen. Page 74, line 18 through the last line on page 76, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Echterholter, Moscicki, Seima and Shiho that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claim 1 Sorensen was patentable. Accordingly, Echterholter in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability as to claim 1, which question has not been decided in a previous examination of the Sorensen patent.

**18. The request indicates the Requestor considers that Modern Plastics in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability with respect to claims 1, 6 and 8 of Sorensen.**

It is agreed that consideration of Modem Plastics in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability as to claims 1, 6 and 8 of Sorensen. Page 78, line 9 through page 80, line 9; page 93, lines 13-25; and page 103, lines 12-24, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Modem Plastics, Moscicki, Seima and Shiho that was not present in the prosecution of the application which became the Sorensen patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 6 and 8 of Sorensen were patentable. Accordingly, Modem Plastics in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability as to claims 1, 6 and 8, which question has not been decided in a previous examination of the Sorensen patent.

***Duty to Disclose***

19. The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 4,935,184 throughout the course of this reexamination proceeding. The third party requestor is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

***Correspondence***

14. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Alan Diamond whose telephone number is (571) 272-1338. The examiner can normally be reached on Monday through Friday from 5:30 a.m. to 2:00 p.m.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Deborah Jones can be reached on (571) 272-1535.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

***Notice Re Patent Owner's Correspondence Address***

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

*Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this**

**revision to 37 CFR 1.33(c), automatically changed to that of the patent file as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, including the present reexamination proceeding, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Please mail any communications to:
Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria VA 22313-1450

Please FAX any communications to:
(571) 273-9900
Central Reexamination Unit

Please hand-deliver any communications to:
Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA 22314

Signed:

Alan Diamond
Primary Examiner
Central Reexamination Unit
Art Unit 3991
(571) 272-1338

/Jerry D. Johnson/
Primary Examiner
Art Unit 3991

STEPHEN J. STEIN
CRU EXAMINER - AU 3991