# EXHIBIT D

MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>GIANT INTERNATIONAL (USA) LTD., a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 07-CV-02121-BTM-CAB<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF REEXAMINATION PROCEEDINGS**<br><br>Date: February 8, 2008<br>Time: 11:00 a.m.<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz |
| GIANT INTERNATIONAL (USA) LTD., a Delaware corporation,<br><br>Cross-Complainant,<br><br>v.<br><br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Cross-Defendant. | *NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT*<br><br>**PLAINTIFF HAS FILED A SEPARATE REQUEST TO CONDUCT ORAL ARGUMENTS WITH REGARD TO THIS MATTER** |

> 10. Giant will be damaged in its business by the aforesaid charges of infringement by Soresen [sic] and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

Docket #7, page 12:1-3 (emphasis added).

Both a Reply and the Magistrate's ENE Order were filed the following day, setting an ENE conference for January 28, 2008. On December 10, 2007, Giant reversed its position and filed the pending Motion for Stay, asking for an indefinite delay in the litigation pending the outcome of a patent reexamination filed by Black & Decker.

*Status of Relevant Evidence.* Giant's attorneys have informally advised SRDT's counsel that all of Giant's manufacturing personnel and information are located in China. *Kaler Decl.* ¶ 3. Thus, to SRDT's knowledge, all of the manufacturing process information is likely held by companies over which this Court has no jurisdiction. *Id.*

Giant is owned by a myriad of foreign companies. According to Docket #8 Statement of Financial Interest, Giant has disclosed that it is 100% owned by a British Virgin Island entity, which is in turn 100% owned by a Bermuda entity with a principal place of business in Hong Kong and publicly traded on the Singapore Exchange. This Bermuda company is partly owned by two British Virgin Islands entities, which are in turn 100% owned by a Hong Kong entity. It is unknown which company or companies have access and/or control to the relevant manufacturing and process information. *Kaler Decl.* ¶ 4.

*Status of '184 Patent Reexaminations.* As the Court is aware, another patent infringement case involving the '184 patent, Sorensen v. Black & Decker Corporation, et al, Case No. 06cv1572, has been stayed pending a third-party patent reexamination requested filed in July 2007 by Black & Decker ("1st reexamination"). The 1st reexamination is already in its seventh month and the first office action has not yet issued. *Kaler Decl.* ¶ 5.

Plaintiff declined to file an optional patent owner's statement in response to the reexamination request in order to shorten the reexamination process. Black & Decker was thereby barred from a second filing with the USPTO. *Kaler Decl.* ¶ 6. Shortly thereafter, and a full six months after the 1st reexamination request had been filed, co-defendants Phillips Plastics and Hi-Tech Plastics filed their own third-party reexamination request ("2nd reexamination") with the USPTO, citing some of the same prior art listed in the 1st reexamination request. *Kaler Decl.* ¶ 7. Although the USPTO has not yet issued any response to the 2nd reexamination request, it is likely that this 2nd reexamination request will significantly delay completion of the reexamination. *Kaler Decl.* ¶ 8.

## ARGUMENT

### I. A COMPLETE STAY IS INAPPROPRIATE BECAUSE OF UNDUE PREJUDICE AND A CLEAR TACTICAL DISADVANTAGE TO THE NON-MOVING PARTY.

The court is not required to stay judicial resolution of a patent case in view of reexaminations. *Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). A court must weigh the parties competing interests as presented by the specific facts of the case at bar. *Jain v. Trimas Corp.*, 2005 WL 2397041, at *1 (E.D.Cal. Sept. 27, 2005).

When determining the appropriateness of a stay pending a patent reexamination, courts consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Ricoh Co. v. Aeroflex Inc.*, 2006 WL 3708069, at *2 (N.D.Cal. Dec. 14, 2006) (quoting *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D.Cal. 1994));