ALAN A. LIMBACH (Bar No. 173059)
alan.limbach@dlapiper.com
ELIZABETH DAY (Bar No. 177125)
elizabeth.day@dlapiper.com
GREGORY J. LUNDELL (Bar No. 234941)
greg.lundell@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
ESSEPLAST USA (NC), INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff and Counter Defendant,<br><br>v.<br><br>ESSEPLAST USA (NC), INC., a Delaware corporation, and DOES 1-10,<br><br>Defendants and Counterclaimant. | CV NO. 07-cv-2277 BTM (RBB)<br><br>**DEFENDANT ESSEPLAST'S REPLY IN SUPPORT OF ITS MOTION TO STAY THE LITIGATION PENDING REEXAMINATION OF U.S. PATENT NO. 4,935,184**<br><br>**Date: March 14, 2008**<br>**Time: 11 a.m.**<br>**Courtroom 15, Fifth Floor**<br>**Hon. Barry Ted Moskowitz**<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

On January 28, 2008, Defendant Esseplast USA (NC), Inc. ("Esseplast") moved to stay this case pending the United States Patent and Trademark Office's ("PTO") reexamination of the sole patent asserted in this case, United States Patent No. 4,935,184 ("the '184 patent"). On February 21, 2008, Plaintiff Jens Erik Sorensen ("Sorensen") filed an Opposition to Esseplast's Motion to Stay. Esseplast replies accordingly.

## I. INTRODUCTION

Sorensen's Opposition to a complete stay in this action asks the Court to take an unfounded gamble with the Court's and the parties' time and resources. The '184 patent is

currently the subject of two reexamination proceedings before the PTO.[1] Any substantial change to the only independent claim in '184 patent will alter the scope of the entire patent, and alter every aspect of this litigation, and effectively end Sorensen's damages claim against Esseplast. Sorensen does not deny that a change to the patent during reexamination is likely. Anything less than a complete stay will expose the Court and the parties to a significant risk of participating in meaningless litigation where there is no possibility of an injunction and no damages at stake – a clear hardship.

Moreover, nothing in Sorensen's Opposition supports a conclusion that this case is substantially different from the other cases that have already been stayed such that a partial stay in this instance somehow would be justified. The same patent is subject to the same reexamination proceedings, and understanding the scope of the patent is crucial to all phases of this and the other twenty-two pending cases. If anything, the fact that this case is only in its earliest stages supports a stay before further resources are expended.

Sorensen's claims to prejudice are of his own doing because he waited for two years before filing this lawsuit and, in any case, do not represent cognizable claims of prejudice that would preclude the Court from entering a stay. First, Sorensen's inability to identify potential defendants is irrelevant. Pleading fictitious parties is improper under the Federal Rules of Civil Procedure. Therefore, it cannot serve as a basis for defeating Esseplast's request for a stay. Second, Sorensen's claims that a stay "will result in the loss of crucial, relevant evidence" is simply false. Esseplast has already taken steps to ensure preservation of relevant information in its possession, custody and control. Third, the possibility of being subjected to multiple reexaminations has nothing to do with the appropriateness of a stay in this case. Finally, the fact that this case is not at the same point in litigation as the *Black and Decker* case makes it more appropriate to stay this case rather than less.

---

[1] On February 21, 2008, shortly after Esseplast filed its Motion for a Stay of Litigation, the PTO granted the second request for reexamination of the '184 patent, finding 9 different substantial new questions of patentability based on 10 different prior art references. *See* the Declaration of Gregory J. Lundell in Support of Esseplast's Reply, ¶ 4, Exh. A. This is in addition to the 13 substantial new questions of patentability based on 8 prior art references that the USPTO found in the first reexamination proceeding. Only two prior art references are common to both reexamination proceedings.

## II. ARGUMENT

### A. Sorensen's Own Articulation of the Circumstances in This Case Supports a Complete Stay.

Sorensen's attempts to distinguish this case from the other cases where a stay has already been entered are unavailing. Indeed, this case has one all-important similarity to the other cases that are already stayed: the '184 patent. The fact that the scope of the '184 patent is presently at issue before the PTO provides this Court with more than adequate grounds to stay the instant case pending the outcome of the PTO's reexaminations.

Sorensen's distinctions between this case and the *Black and Decker* case actually support Esseplast's Motion for a Stay. Sorensen points out that the Court stayed the *Black and Decker* case "just months before a claim construction," after "[s]ubstantial discovery had been conducted," and after the "Court and the parties were well aware of the issues for trial." Doc. No. 22, Sorensen's Response in Opposition at p. 4 ("Opposition"). Sorensen contrasts that timing with this case where the parties have "conducted no discovery." Indeed, it is the fact that this case is still in its earliest stage that supports the issuance of a stay. *See, e.g., Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, 2007 WL 627920, *2 (N.D. Cal, Feb. 26, 2007)("This being the early stage of litigation weighs in favor of granting a stay."); *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *2 (granting stay where discovery had just begun); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023, 1995 WL 20470 (N.D. Cal. 1995) (holding that the absence of significant discovery or substantial expense and time invested in the litigation weighed in favor of stay); *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (granting stay where the parties had undertaken little or no discovery).

Sorensen's Opposition also admits that the circumstances of this case are of his own doing. Sorensen has apparently been aware of Esseplast's activities for two years. Opposition at p. 4. Rather than promptly file his complaint, Sorensen waited until two weeks before the '184 patent would expire and after the PTO found that the '184 patent has substantial questions of

patentability. Thus, Sorensen should not now be surprised that a stay in this case would be proper given the expiration of the '184 patent and the stays that are already in place.

**B. Allowing This Case to Proceed in Light of the Uncertainty Surrounding the '184 Patent Amounts to Undue Hardship.**

**1. Litigating a Patent With No Possibility of an Injunction and Likely No Damages Amounts to a Hardship.**

Contrary to Sorensen's allegations, Esseplast's Motion to Stay identifies several hardships justifying a stay. Doc. No. 14, Esseplast's Motion to Stay at p. 5. Sorensen does not compete with Esseplast (let alone produce a product covered by the '184 patent), the '184 patent has expired, so an injunction is out of the question. Any change in the only independent claim in '184 patent as a result of the pending reexaminations will trigger the doctrine of intervening rights and postpone the accrual of any damages claims until after the patent emerges from the reexaminations (assuming it reemerges). Thus, if the PTO alters the '184 patent's independent claim, then this case will have been about nothing.

Here, the '184 patent is undergoing reexamination in two different proceedings for no less than 22 different new substantial questions of patentability in light of 16 different prior art references. It is very unlikely that the '184 patent will emerge without substantially amended claims. Where the reexamined claims are not substantially identical to the original claims, those who may have infringed the original claims are relieved from liability during the period before the claims were reexamined under the defense of intervening rights. *Bloom Eng'g Co. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997). Thus, under the doctrine of intervening rights, if the sole independent claim of the '184 patent is amended during either reexamination, any damages will accrue only from the time the '184 patent emerges from reexamination. However, given that the '184 patent expired on February 5, 2008, even if the '184 patent survives reexamination and reemerges with amended claims, Sorensen will not be entitled to any damages from Esseplast. *See* 35 U.S.C. § 154(c)(1); *see also Bloom*, 129 F.3d at 1249.

Requiring this case to go forward at this time subjects this case to the very real possibility that any litigation will be meaningless. Moreover, it is likely that the reexamination proceedings will result in a simplification of issues, reduction of cost to the parties, and the Court will benefit

from the PTO's review of the '184 patent. Denying Esseplast's request for a stay in this scenario amounts to a prospect of unjust hardship that can be avoided with no prejudice to Sorensen.

**2. Esseplast Identified This Hardship in Its Motion And, In Any Case, Is Not Estopped From Raising it.**

Sorensen's conclusion that Esseplast's compulsory counterclaim somehow creates a judicial estoppel is surreal. Sorensen claims that because Esseplast's counterclaims are premised on the Declaratory Judgment Act Esseplast is "estopped from arguing for a stay of the present litigation." Opposition at pp. 6-7. Sorensen's argument completely ignores the common sense notion of competing interests. Esseplast is required to bring any claims that it may have in response to Sorensen's Complaint. Fed. R. Civ. P. 13(a). Because Sorensen has already sued Esseplast, the purpose of the Declaratory Judgment Act (28 U.S.C. §2201 *et seq.*) to alleviate the delay and uncertainty accompanying the threat of a patent lawsuit has been relieved – Esseplast will have its rights determined by the Court. *Accord Sony Elecs., Inc. v. Guardian Media Techs., Ltd.* 497 F.3d 1271, 1284-85 (Fed. Cir. 2007). Nevertheless, Esseplast realizes the tremendous waste of time that the parties may be put through if forced to litigate Esseplast's alleged infringement of the '184 patent given its expiration and its current status in reexamination. Esseplast asserted the claims that it was aware of pursuant to Rule 13(a) in its Counterclaim, but this does not in any way preclude Esseplast from seeking relief from this litigation until the scope of the litigation is truly settled; that is, until the PTO is finished reexamining the '184 patent.

Sorensen also claims that Esseplast did not demonstrate that it would suffer any harm in the absence of a stay. Opposition at p. 7. This allegation is wrong. Esseplast's first reason supporting its request for a stay is the preservation of judicial economy by avoiding the needless litigation of a patent in reexamination. Motion at p. 5. Moreover, if discovery were to proceed now, Esseplast, not Sorensen, would bear much of the burden of such discovery given the relative size of the parties and the fact that Esseplast is a going concern. That potential waste of both judicial and party resources represents a hardship to the Court and Esseplast that can easily be avoided by entering a stay pending the reexaminations of the '184 patent.

### C. Sorensen's Claimed Prejudice is His Own Fault and Does Not Support Denying a Stay.

#### 1. The Inability to Name Fictitious Defendants in This Case Does Not Amount to Prejudice.

Sorensen's decision to include Doe defendants and his inability or unwillingness to identify his true defendants cannot amount to prejudice. If Sorensen is allowed to use his Doe defendants to defeat Esseplast's request for a stay, it will countenance the pleading of Doe defendants as a way to bootstrap a claim of prejudice in connection with every request for a stay pending reexamination. The mere pleading of Doe defendants is contrary to the procedures for amending a complaint to identify previously unidentified defendants as provided for in the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 15(c).

Sorensen also claims that his failure to identify possible additional parties to this lawsuit after waiting two years to file suit amounts to prejudice. Sorensen was free to file this lawsuit prior to the PTO determining that the '184 patent is subject to substantial questions of patentability. However, he chose to wait until the patent was nearly expired. This lack of diligence cannot amount to prejudice in the face of a request for a stay pending the PTO's reexamination.

#### 2. Esseplast Has Met its Duty to Preserve Evidence and Sorensen is Not Prejudiced in This Respect.

Pursuant to its discovery obligations under the Federal Rules of Civil Procedure, Esseplast has taken actions to preserve evidence. Sorensen's claims that evidence will be lost are speculative. To the contrary, the relevant evidence in Esseplast's possession, custody, and control will be preserved as Esseplast has notified its employees and its manufacturer of the need to preserve evidence. Lundell Decl., ¶¶ 2-3.

Sorensen's fears that evidence is slipping away while the PTO reexamines the scope of the '184 patent are unfounded. If this case proceeds after the reexaminations, Esseplast has every intention of meeting its discovery obligations. Because relevant evidence will be preserved, Sorensen cannot, absent some other reason with a demonstrated factual basis, conjure prejudice out of the prospect of even a lengthy reexamination.

### 3. The Fact That the '184 Patent is Subject to Reexamination is Not, Contrary to Sorensen's Arguments, Prejudicial.

Sorensen's argument that he will be prejudiced because there are multiple reexaminations pending is a *non sequitur* to this analysis. Indeed, it was not Esseplast's decision to submit the '184 patent to the PTO for reexamination. However, the request seems well-founded given the numerous issues of patentability identified by the PTO pursuant to the requests for reexamination. Again, Esseplast's motion for a stay should come as no surprise to Sorensen considering that Sorensen filed this lawsuit after the PTO ordered reexamination of the '184 patent in a first proceeding, and was considering ordering a second reexamination in a second proceeding.

Esseplast's desire to postpone litigation until it is clear that there is something to litigate is hardly a "tactical" maneuver. It is a maneuver of common sense insofar as Sorensen is proposing that the parties start discovery at a time when the parameters (that is, the scope of the claims of the '184 patent) are currently undergoing reexamination before the PTO.

Esseplast's proposed stay is not "indefinite," but rather lasts only until the PTO completes its reexaminations. If the '184 patent does not survive reexamination, the stay becomes permanent. "Serendipitous" or not, the PTO twice granted reexamination on Sorensen's patent pursuant to third parties' requests.

Finally, suffice it to say that neither the size of this litigation nor the reality that the PTO granted reexamination on the '184 patent provide any realistic support for Sorensen's argument that he is somehow prejudiced.

### 4. Procedural Parity With *Black and Decker* is of No Moment to This Analysis.

It is unclear what relevance Sorensen's discussion of a consolidated claim construction hearing has to the instant question of whether a stay should be entered. If the Court wishes to construe the claims of the '184 patent once for all of the '184 patent-related cases on the Court's docket, the Court is free to do so without worrying about "procedural parity." Indeed, Sorensen cites no authority to support such a notion. And, because claim construction is an issue for the Court to resolve by reference to the patent and the associated intrinsic evidence, it is unlikely that

discovery in this case or in any other pending matter will have a significant impact on the Court's final construction. Accordingly, the procedural parity, or lack thereof, is of no moment to the Court in determining whether Sorensen would be prejudiced by a stay. As Sorensen has failed to identify any cognizable prejudice that he would suffer as a result of a stay in this case pending the outcome of the PTO's reexaminations of the '184 patent, Esseplast's motion should be granted.

## III. CONCLUSION

Sorensen is essentially asking for a fishing expedition, largely at just Esseplast's expense, into Esseplast's business while the scope of the '184 patent is being resolved by the PTO. However, the scope of the '184 patent is crucial in this litigation as it will ultimately determine whether Sorensen's claims survive, and if they do, the scope of discovery. Sorensen failed to identify anything about this particular case that makes it a poor candidate for a stay pending the PTO's reexaminations of the '184 patent. To the contrary, Sorensen's arguments highlight the facts that this case is even better situated procedurally for a stay than the other cases that have been stayed. Furthermore, Sorensen's arguments of alleged prejudice are hardly credible given his own two-year delay in bringing this suit in the first place. Accordingly, Esseplast respectfully requests that the Court stay this case completely pending the outcome of the '184 reexaminations.

Dated: March 6, 2008

DLA PIPER US LLP

By /s/ Alan Limbach
ALAN LIMBACH
ELIZABETH DAY
GREGORY LUNDELL
Attorneys for Defendant

**PROOF OF SERVICE**

I hereby certify that on March 6, 2008, I caused the foregoing DEFENDANT ESSEPLAST'S REPLY IN SUPPORT OF ITS MOTION TO STAY LITIGATION PENDING REEXAMINATION OF U.S. PATENT NO. 4,935,184 to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

*Attorneys for Plaintiff*

J. Michael Kaler (158296)
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121
Phone: (858) 362-3151
Fax: (858) 824-9073
michael@kalerlaw.com

Melody A. Kramer (169984)
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, CA 92121
Phone: (858) 362-3150
Fax: (858) 824-9073
mak@kramerlawip.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Gregory J. Lundell
Attorneys for Esseplast USA (NC), Inc.