MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ESSEPLAST (USA) NC, INC., a Delaware corporation, and DOES 1-100,<br><br>Defendants.<br><br>and related counterclaims. | Case No. 07cv02277 BTM CAB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date: August 8, 2008<br>Time: 11:00 a.m.<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz<br><br>***Oral Argument Has Been Respectfully Requested by Plaintiff*** |

//

//

Plaintiff, pursuant to a shortened procedure outlined by Judge Moskowitz in related cases,[1] hereby requests the Court for an exception to the stay entered in this case in order to preserve evidence that will otherwise be unavailable after the stay. Plaintiff has presented its arguments in brief form pursuant to the Court's request.

Plaintiff has already requested this exception and discovery by letters to Defendants' counsel (see *Kramer Decl.*, ¶ 4, Exhibit A), but Defendants have failed to agree.

The requested discovery is as follows:

1. Confirmation of preservation of all prototype and production molds used in the production of the Accused Products if they are within possession, custody, or control of named Defendants; and

2. Confirmation of preservation of all design and technical documents for the Accused Products that are in the possession, custody, or control of named Defendants.

For any of the above categories of evidence that are in the possession, custody, or control of non-parties (as Plaintiff understands some to be), Plaintiff requests as follows:

3. Sworn identification of the company name(s) and address(s) of all non-party manufacturers, suppliers, and importers for the Accused Products; and

4. Court leave to use appropriate procedural steps to acquire the above-listed categories of evidence from, and/or conduct plant inspections of, non-parties.

Plaintiff believes these items of discovery are necessary and that delay until completion of the '184 patent reexamination creates the risk of loss of evidence.

---

[1] Sorensen v. Helen of Troy Texas Corporation, et al, Case No. 07cv02278 (see relevant portion of the transcript at Appendix A hereto); and Sorensen v. Black & Decker Corporation, Case No. 06cv1572 (see Docket # 264-277, various entries).

A motion to preserve evidence requires the court to consider "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering the evidence preservation." *Jacobs v. Scribner* Slip Copy, 2007 WL 1994235 (E.D.Cal. 2007) citing: *Daniel v. Coleman Co., Inc.*, No. 06-5706 KLS, 2007 WL 1463102, *2 (W.D.Wash. 2007).

Defendant has already acknowledged the difficulty in getting process information from the foreign third party manufacturers and has asserted that at least one accused product had low sales volumes. *Kramer Decl.* ¶ 5. Defendant did not even investigate the manufacturing process until after filing of this case. *Kramer Decl.* ¶ 6. After the filing of this case, Defendant's counsel claims to have obtained manufacturing process information for three accused products, however, the source of that information is second- or third-hand hearsay from individuals in Italy and China. *Kramer Decl.* ¶ 7. Although Defendant's counsel has claimed in his most recent letter that they offered to provide Plaintiff access to the molds for these products, no such offer was ever made, and based upon available information, Plaintiff does not know if Defendant even has the ability to provide such access. *Kramer Decl.* ¶ 8.

"The obligation to preserve [evidence] arises when the party has notice that the evidence is relevant to litigation -- most commonly when the suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation." *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 371 (2006).

A foreign manufacturer, however, is not likely to, and has no obligation to maintain molds, design documents, or correspondence. Molds are often sold for scrap metal after production ceases. Every day that goes by without the production of this evidence increases the likelihood that the evidence will be lost or destroyed.

Further reason to believe the evidence may be lost or destroyed is Defendant's acquisition by The Evercare Company on March 1, 2008. *Kramer Decl.* ¶ 9. Often acquisitions result in the loss or destruction of materials of the acquired company.

There is no reason to believe that the prototype and production molds for the Accused Products, and related design and technical documents are being preserved by the named Defendant pending the stay of this case and there is even less reason to believe that non-parties to this case are preserving evidence necessary to this case. Unidentified, and thus non-party, manufacturers, suppliers, and importers, of the accused products may not have notice of this lawsuit and Plaintiff has no means of ensuring that they are preserving evidence for this case. Neither the Court nor Plaintiff can informally request evidence preservation, much less compel it, without this identification.

WHEREFORE, Plaintiff respectfully requests the Court to order an exception to the stay in this case as follows: (1) requiring sworn identification of manufacturers, suppliers, and importers for the following products: Topfin Hand Held Glass Scrubber, Clorox Flexible Scrub Brush, and Clorox Clip On Dustpan; and (2) granting Plaintiff to pursue third-party discovery relating to preserving evidence in possession of those parties.

//

//

RESPECTFULLY SUBMITTED this Thursday, June 26, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer

Melody A. Kramer, Esq.
J. Michael Kaler, Esq.
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>HELEN OF TROY TEXAS CORPORATION; OXO INTERNATIONAL, LTD; and DOES 1-100,<br><br>Defendants. | Case No. 07cv02278BTM<br><br>San Diego, California<br><br>February 25, 2008 |

Status Conference

BEFORE THE HONORABLE BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| *For the Plaintiff*: | Kaler Law Offices<br>J. Michael Kaler<br>9930 Mesa Rim Road St. 200<br>San Diego, CA 92121<br><br>Kramer Law Office<br>Melody A. Kramer<br>9930 Mesa Rim Road, St.1600<br>San Diego, CA 92121 |

*For the Defendants*: Seyfarth Shaw
Eric B. Von Zeipel
2029 Century Park East,
Suite 3300
Los Angeles, CA 90067

*Official Reporter*: Barbara Harris CM/RPR/CRR
880 Front Street
San Diego, CA 92101
619-990-3116

thing is if I grant them an extension of time to answer of 60 days, and I grant the stay without prejudice and they answer on behalf of Helen of Troy of Texas, and Oxo International, then I think everything is taken care of.

MR. VON ZEIPEL: That sounds good. 16:22:19

THE COURT: Mr. Kaler is about to speak.

MR. KALER: That would certainly be a resolution, not one I'm thrilled with. Has the court considered the possibility of a partial stay allowing some discovery, that does not address claim construction issues, to preserve 16:22:19 evidence in these cases that are newly filed?

THE COURT: I have not considered it, but that is certainly something that would be considered. No one should be prejudiced by the stay. It would be unfair to the plaintiff if there is a stay and something happens that they 16:22:19 lose evidence. So that's always an implied exception.

The stay is always granted without prejudice. If that wasn't understood then perhaps it's my fault in not making it clear.

MR. KALER: Would we need to bring a separate 16:22:20 motion?

THE COURT: First you would discuss it with the party you would want to take discovery on, and if they didn't agree, then you would then come before me.

MR. KALER: Okay. 16:22:20

THE COURT: And I think I would try to do it in a way that the parties would file something very, very brief so they don't take up a lot of attorney time and work, and then I would hear it orally and I would rule on it right there.

In other words, you would file something, maybe a page or two, saying we want to get an exception to the stay for the following reasons, we are going to come into court on such and such a date the clerk gives you, and we will flush them out, but here it is in capsule form. 16:22:20

MR. KALER: Thank you, your Honor. 16:22:21

THE COURT: All right? So that's when I say the stays are granted without prejudice. Well, does anyone have a problem if we proceed this way? I know it's not ultimately what you want, but you can't -- isn't there a song, You Can't Always Get What You Want? 16:22:21

MR. KALER: Your Honor, I was actually hoping for summary judgment in our favor this morning, but I'll take it.

THE COURT: Well, we will do an order in that regard. Is 60 days enough to file an answer?

MR. VON ZEIPEL: I believe so. 16:22:21

THE COURT: And the order will provide that you can file an amended answer 30 days after any re-examination decision.

MR. VON ZEIPEL: Thank you, your Honor.

THE COURT: All right? So, then that will take 16:22:21