MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br>v.<br><br>ESSEPLAST (USA) NC, INC., a Delaware corporation, and DOES 1-100,<br><br>Defendants.<br><br>and related counterclaims. | Case No. 07cv02277 BTM CAB<br><br>**DECLARATION OF MELODY KRAMER IN SUPPORT OF MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date: August 8, 2008<br>Time: 11:00 a.m.<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz<br><br>***Oral Argument Has Been Respectfully Requested by Plaintiff*** |

//

//

I, MELODY A. KRAMER, declare:

1. I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2. At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("SRDT"), Plaintiff in the above-captioned matter.

3. This Declaration is being submitted in conjunction with Plaintiff's Motion for Exception to Stay for Preservation of Evidence.

4. I have requested an exception for stay for preservation of the evidence outlined in the accompanying motion by letters to Defendants' counsel, but Defendants have failed to agree. A true and correct copy of said correspondence is attached hereto as Exhibit A.

5. Based upon pre-litigation communications, Defendant has already acknowledged the difficulty in getting process information from the foreign third party manufacturers and has asserted that at least one accused product had low sales volumes.

6. Based upon pre-litigation communications, Defendant did not even investigate the manufacturing process until after filing of this case.

7. After the filing of this case, Defendant's counsel claimed to me to have obtained manufacturing process information for three accused products, however, the source of that information was second- or third-hand hearsay from individuals in Italy and China.

8. Although Defendant's counsel has claimed in his most recent letter that they offered to provide Plaintiff access to the molds for these products, no such offer was ever made, and based upon available information, Plaintiff does not know if Defendant even has the ability to provide such access.

9. Upon information and belief, Defendant was acquired by The Evercare Company on March 1, 2008.

SWORN TO under penalty of perjury of the laws of the State of California and the United States, this 26th day of June, 2008.

/s/ Melody A. Kramer
Melody A. Kramer, Esq.

# EXHIBIT A

**Kramer Law Office, Inc.**
9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

VIA FED-EX

April 17, 2008

Alan A. Limbach
DLA Piper USA LLC
2000 University Avenue
East Palo Alto, CA 94303-2214

**CONFIDENTIAL OFFER OF COMPROMISE**
Subject to Federal Rules of Evidence § 408

RE: Sorensen Research & Development Trust v. Esseplast USA (NC) Inc.
Case No. 07cv2277 JAH BLM

Dear Mr. Limbach:

In accordance with the Order for stay by Judge Moskowitz, we are hereby requesting the Defendants agreement to preserve certain items of evidence to ensure that they will not be lost during the time that this case is being stayed. If we are unable to reach an agreement, we will be asking the Court for an order to produce this evidence.

1. All prototype and production molds used in the production of the Accused Products that are currently in the possession or control of non-parties; and

2. All design and technical Documents for the Accused Product that are in the possession or control of non-parties.

3. Correspondence with foreign manufacturers regarding the Accused Product;

4. Initial disclosures pursuant to Rule 26(a)(1), specifically including the identity and location of all manufacturers, suppliers, and importers for the products at issue.

It is our understanding that all manufacturing of the Accused Products has been done in China by unidentified compan(ies), under the control and/or direction of

unidentified compan(ies) in Italy, none of which are Esseplast USA (NC) Inc. nor even its parent company. As such, there is simply no assurance that this necessary technical information will be available to my client once the stay is lifted. Furthermore, as we already pointed out to you, failure to identify manufacturers, suppliers, and importers will make it impossible for us to assure that all evidence is preserved.

Please advise us no later than April 30th if your client is willing to stipulate to this limited discovery during the stay, otherwise we will file a motion with the Court.

Sincerely,

Melody A. Kramer

DLA PIPER

DLA Piper US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
www.dlapiper.com

Alan A. Limbach
alan.limbach@dlapiper.com
T 650.833.2433
F 650.687.1182

OUR FILE NO. 363609-1

April 30, 2008
*VIA FACSIMILE/CONFIRMATION BY MAIL*

Melody A. Kramer
Kramer Law Office
9930 Mesa Rim Rd., Ste. 1600
San Diego, CA 92121

Re: **Sorensen Research & Development Trust v. Esseplast USA (NC) Inc.**
**Case No. 07CV2277 JAH BLM**

Dear Ms. Kramer:

We write in response to your April 17, 2008 letter requesting limited discovery.

First, we note that your letter appears contradictory. It begins as a request for an agreement to preserve certain items of evidence. However, it ends with a demand for stipulated limited discovery (or else Sorensen will file a motion with the court). We do not believe that any agreement or stipulated limited discovery is warranted in this case.

We view your demands as an improper and unjustified attempt to un-stay this case. You indicate in your letter that discovery is needed to preserve evidence, and in particular evidence in the possession or control of third parties. Yet, Sorensen made this very same argument in opposition to the motion to stay, and the Court specifically rejected it. As we stated in our motion papers to the Court in support of the stay, Esseplast is already preserving the relevant evidence in its possession, custody and control and has notified its manufacturer of the need to preserve evidence, including the evidence specifically identified in your letter. Thus, there is no need for any agreement or limited discovery to preserve evidence.

While the Court stated that either party may apply to the Court for an exception to the stay, the Court expressly limited such an application to specific, valid reasons for obtaining discovery in order preserve evidence that will otherwise be unavailable after the stay. To date you have failed to identify any evidence that will be unavailable after the stay. The mere fact that you presently do not know the identity and location of Esseplast's manufacturers, suppliers and importers is not itself a specific, valid reason for obtaining discovery.

If at any time in the future you identify a specific, valid reason for discovery to preserve evidence, we will consider it. However, given your letter cites to no new facts or theories about the need to preserve evidence (apart from those already argued to the Court), it is clear to us that you are simply attempting to un-stay this case so you can proceed with discovery. The Court already ruled against Sorensen on this issue. We therefore reject your attempt to un-stay this case.

DLA PIPER

April 30, 2008
Page Two

Your demand for discovery, coupled with your recent motion to consolidate this case with others that have not been stayed (or have been stayed at different stages of litigation), clearly evidence a strategy to attempt an end run around the Court's order staying the present case, forcing our client to incur legal costs that the stay was implemented to avoid. Should you proceed in filing your motion for discovery, we will oppose it and seek our costs and attorney fees incurred by your actions.

Lastly, we note that your letter was marked "CONFIDENTIAL OFFER OF COMPROMISE Subject to Federal Rules of Evidence § 408." Yet, nothing in your letter relates to any negotiations regarding your claim of infringement. Rather, your letter simply relates to your discovery demands. Therefore, your confidential designation is improper. Unless you provide us a specific, valid reason why Rule 408 applies to your letter, we shall not consider it confidential under FRE § 408.

Very truly yours,

**DLA Piper US LLP**

Alan A. Limbach
Partner

Admitted to practice in California and the USPTO

EM\7229460.1
367634-1

**Kramer Law Office, Inc.**
9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

VIA FAX 650-687-1182

May 6, 2008

Alan A. Limbach
DLA Piper USA LLC
2000 University Avenue
East Palo Alto, CA 94303-2214
Facsimile: (650) 833-2001

RE: Sorensen Research & Development Trust v. Esseplast USA (NC) Inc.
Case No. 07cv2277 JAH BLM
Request for agreement to conduct limited discovery during stay for the purpose of preserving evidence.

Dear Mr. Limbach:

I am in receipt of your letter dated April 30, 2008 in which you refuse, on behalf of your client, to agree to limited discovery for the purpose of preserving evidence.

Your assurance that Esseplast has "notified its manufacturer of the need to preserve evidence" is not a meaningful assurance. The manufacturers are not parties to this case and Esseplast's request cannot be enforced. When stay is lifted, however, any loss of manufacturing evidence in the interim will become Esseplast's problem.

Sorensen has done everything within its power to obtain evidence of the manufacturing process from Esseplast both prelitigation and since. Esseplast has advised us that the manufacturing of the accused products in question is done by companies outside of even indirect control of Esseplast. This makes a solid case for application of the 35 U.S.C. § 295 presumption of infringement and we will be filing such a motion as soon as stay is lifted.

Please advise us by May 21st if Defendants have any categories of evidence that they want to ensure are preserved. Although we are cognizant of our general obligation to preserve evidence, we are willing to work with you to ensure that any particular categories of evidence that you think may be necessary when stay is lifted, are adequately

preserved. If you do not ask now, we will presume that Esseplast is willing to accept any consequences of loss of evidence occasioned by its request for stay of this litigation.

Thank you for your attention to this matter.

Sincerely,

Melody A. Kramer

**Kramer Law Office, Inc.**
9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

VIA FAX 650-687-1182

June 4, 2008

Alan A. Limbach
DLA Piper USA LLC
2000 University Avenue
East Palo Alto, CA 94303-2214
Facsimile: (650) 833-2001

RE: Sorensen Research & Development Trust v. Esseplast USA (NC) Inc.
Case No. 07cv2277 JAH BLM
Request for agreement to conduct limited discovery during stay for the purpose of preserving evidence.

Dear Mr. Limbach:

Based upon the Court's ruling yesterday on a motion for exception to stay for preservation of evidence in the *Sorensen v. Black & Decker* case, I am renewing my request for Esseplast to provide us with the following information necessary for preservation of evidence during the stay of this case:

1. All prototype and production molds used in the production of the Accused Products that are currently in the possession or control of either Defendants or non-parties; and
2. All design and technical Documents for the Accused Product that are in the possession or control of either Defendants or non-parties.
3. Initial disclosures pursuant to Rule 26(a)(1), specifically including the identity and location of all manufacturers, suppliers, and importers for the products at issue.

If your client would like to avoid motion practice on this issue, please notify me immediately. Otherwise, you should be receiving a motion on this issue shortly.

Sincerely,

Melody A. Kramer

enclosure

**Kramer Law Office, Inc.**
9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

VIA FAX 650-687-1182

June 24, 2008

Alan A. Limbach
DLA Piper USA LLC
2000 University Avenue
East Palo Alto, CA 94303-2214
Facsimile: (650) 833-2001

RE: Sorensen Research & Development Trust v. Esseplast USA (NC) Inc.
Case No. 07cv2277 JAH BLM
Request for agreement to conduct limited discovery during stay for the purpose of preserving evidence.

Dear Mr. Limbach:

I have not received any response to my second letter regarding preservation of evidence dated June 4th requesting an agreement for preservation of certain items of evidence pending lift of stay of this case. Therefore, I am left to assume that your client is unwilling to cooperate with us and we will have no option but to make a request directly to the Court pursuant to the Order for Stay.

Be advised that on June 3, 2008 Judge Moskowitz granted our request for preservation of evidence in circumstances similar to those in this case, therefore we are confident that we will prevail in a request for the limited discovery we have requested from you.

Enclosed please find a copy of the transcript in the referenced Black & Decker hearing and resulting order wherein Judge Moskowitz granted my client an exception to stay to conduct certain items of discovery, including conducting a plant inspection. As you can see, there is every reason to believe that Judge Moskowitz would also grant a motion allowing us to conduct the same type of discovery of Esseplast.

If your client would like to avoid the necessity of motion practice on this issue, please reconsider your position and let me know immediately. Otherwise we will be filing a motion shortly.

Sincerely,

Melody A. Kramer

enclosure

DLA PIPER

DLA Piper US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
www.dlapiper.com

Alan A. Limbach
alan.limbach@dlapiper.com
T 650.833.2433
F 650.687.1182

OUR FILE NO. 363609-1

June 25, 2008
*VIA FACSIMILE (858-824-9073)*

Melody A. Kramer
Kramer Law Office
9930 Mesa Rim Rd., Ste. 1600
San Diego, CA 92121

**Re: Sorensen Research & Development Trust v. Esseplast USA (NC) Inc.
Case No. 07CV2277 JAH BLM**

Dear Ms. Kramer:

We write in response to your June 24, 2008 letter.

As we stated in our April 30, 2008 letter, we view Sorensen's demands for limited discovery as an improper and unjustified attempt to un-stay this case. For the reasons stated in our motion papers to the Court in support of the stay, and in our previous letter to you, there is no need for any agreement or limited discovery to preserve evidence as Sorensen now demands.

Regarding the ruling in the Black & Decker case that you attached to your letter, the circumstances of that case and the judge's ruling are entirely distinguishable from those of the present case. The nature of the claims, the procedural status, the location of the parties and third party manufacturers, and the relative burdens of limited discovery are entirely different. Moreover, of the four items of relief sought, the first two related solely to the identification of the corporate structure of the defendant Black & Decker, something that is not relevant to the present case. The fourth item of relief was not granted. As for the third item of relief, all the Court granted to Sorensen was the ability to seek relief in the Missouri courts for an inspection of molds in that state, something that the third party manufacturer could oppose in the Missouri courts based upon the pending stay. This of course is not an option in the present case.

We also must note that Sorensen's demands for product molds, all design and technical documents for the accused product, and initial disclosures pursuant to Rule 26(a)(1), go far beyond what was sought in the Black & Decker case. We therefore are confident that Judge Moskowitz would not grant a motion for the discovery Sorensen is now demanding.

As we previously pointed out, you have not raised a single fact or argument that was not previously raised in the opposition to the stay, which was summarily rejected by the Court. Sorensen's repeated demands for discovery clearly evidence a strategy to attempt an end run around the Court's order staying the present case, forcing our client to incur legal costs that the

DLA PIPER

June 25, 2008
Page Two

stay was implemented to avoid. Should Sorensen proceed in filing a motion for limited discovery, we will oppose it and seek our costs and attorney fees incurred by such actions.

Lastly, it must be noted that the complaint in this case is based entirely on information and belief. No evidence whatsoever was identified that establishes the accused product was made in an infringing manner, other than an expert's unsubstantiated declaration that he believes infringement is likely. Before the Answer was due, we made you a very reasonable offer: we would provide access to the molds used to make the accused products, and in return you would dismiss the complaint once you were satisfied that two separate molds were being used to make the co-molded product. This would have efficiently disposed of the case, and Esseplast could have avoided the costs of answering the complaint and moving for a stay. Your client apparently did not even find the offer worthy of responding to. Now that Esseplast has been forced to expend significant time and money answering the complaint and successfully moving for a stay, we find it ironic that Sorensen is now demanding to inspect the very molds that were previously offered. In addition, you have recently alleged this case has expanded from one product to three, and threatened to start searching for additional products to accuse, as leverage for settlement. In short, Sorensen has not acted in good faith or in a trustworthy manner. These facts would also be brought to the attention of the Court should you file any motion to un-stay this case.

Very truly yours,

**DLA Piper US LLP**

Alan A. Limbach
Partner

Admitted to practice in California and the USPTO

WEST\21454951.1
367634-000001

**Kramer Law Office, Inc.**
9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

VIA FAX 650-687-1182

June 26, 2008

Alan A. Limbach
DLA Piper USA LLC
2000 University Avenue
East Palo Alto, CA 94303-2214
Facsimile: (650) 833-2001

RE: Sorensen Research & Development Trust v. Esseplast USA (NC) Inc.
Case No. 07cv2277 JAH BLM
Request for agreement to conduct limited discovery during stay for the purpose of preserving evidence.

Dear Mr. Limbach:

I have received your letter dated June 25th and it is clear that your client is refusing to cooperate with us in preserving necessary evidence in this case, therefore we will proceed to file our Motion for Exception to Stay for Preservation of Evidence.

Some of the statements in your letter need to be corrected. First, your client has never offered to provide my client with access to molds. You have made a statement regarding the claimed method of manufacture for the Topfin product in your letter dated December 21, 2007, however that statement did not contain any offer to view molds. Furthermore, in telephone conversations between the two of us in January 2008, you never made such an offer, and furthermore advised me that the source of your statements regarding the claimed process for the Topfin product came from the statements of someone in Italy talking about a process occurring in China at a third-party manufacturer. That is hardly reliable information for purposes of resolving such an important issue. Furthermore, you refused to provide me with even an assertion of the manufacturing process for the accused Clorox products, claiming that you were not at liberty to provide that to us.

You have provided us with no assurances that the prototype and production molds for the accused products are within your possession, custody or control, and thus cannot

guarantee their preservation pending lift of stay in this case. Furthermore, you have not provided us with any information upon which we can access that information directly from the third-party manufacturers. As such, we have not choice but to seek relief from the Court.

Your client did not even make inquiry into the manufacturing process until this case was filed, and then have failed to back up that claimed process with anything resembling admissible evidence as to one product, and not even making any representations as to the two additional products.

Sincerely,

Melody A. Kramer

enclosure