ALAN A. LIMBACH (Bar No. 173059)
alan.limbach@dlapiper.com
M. ELIZABETH DAY (Bar No. 177125)
elizabeth.day@dlapiper.com
GREGORY J. LUNDELL (Bar No. 234941)
greg.lundell@dlapiper.com
ERIK R. FUEHRER (Bar No. 252578)
erik.fuehrer@dalpiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
ESSEPLAST USA (NC), INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>ESSEPLAST USA (NC), INC., a Delaware corporation, and DOES 1-10,<br><br>Defendants and Counterclaimant. | CV NO. 07-cv-2277 BTM (CAB)<br><br>**DEFENDANT ESSEPLAST USA (NC), INC.'S OPPOSITION TO SORENSON'S MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>**Date: August 20, 2008**<br>**Time: 11:30 a.m.**<br>**Courtroom 15, Fifth Floor**<br>**Hon. Barry Ted Moskowitz**<br><br>ORAL ARGUMENT NOT REQUIRED UNLESS REQUESTED BY THE COURT |

On March 19, 2008, this Court stayed the above captioned case pending two separate reexamination proceedings by the USPTO of United States Patent No. 4,935,184 (the "'184 Patent"). On June 26, 2008, Plaintiff and Counter-Defendant Jens Erik Sorenson ("Sorenson") moved for an exception to the Stay in this case for the purpose of preserving evidence. Defendant and Counterclaimant Esseplast USA (NC), Inc. ("Esseplast") hereby opposes Sorensen's motion.

///

///

///

**SUMMARY OF OPPOSITION**

The parties have already fully briefed the Court on whether or not this case should be stayed, and the Court found that the facts in this case justified a stay. Since then, Esseplast has faithfully complied with its duty to preserve evidence during the Stay. No new facts have arisen that justify any exceptions to the Stay.

In staying this action, the Court allowed for an exception to the Stay if a party can present "specific, valid reasons to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay." (March 19, 2008, Order Granting Esseplast's Motion to Stay, Declaration of Erik R. Fuehrer in Opposition to Motion for Exception to Stay ("Fuehrer Decl."), ¶2, Ex. A.) Sorensen's motion advances no new reason to lift the Stay in this case, as he simply raises the same arguments with respect to Esseplast and third parties that were previously raised in opposing the Stay in this case. Sorenson's arguments were not persuasive to the Court then, and, without any new facts, they cannot amount to "specific, valid reasons" to lift the Stay now.

Any reliance by Sorensen on the Court's order allowing an exception to the Stay in *Sorensen v. Black & Decker* is misplaced as this case and *Black & Decker* are substantially different both procedurally and factually. Sorensen's conduct reveals a pattern of harassment towards Esseplast. Specifically, Sorensen has repeatedly changed the scope of the limited discovery it seeks from Esseplast and attempts to informally add new accused products to gain leverage over Esseplast.

Esseplast sought a Stay of this case, in part, to minimize legal costs incurred by engaging in unnecessary discovery while the '184 patent proceeds through two reexaminations at the USPTO. However, Sorensen's repeated attempts to undo the Stay have required Esseplast to expend significant expense to essentially re-argue the same issues previously ruled on by the Court. Esseplast has informed Sorensen it would seek the costs and fees Esseplast incurs as a result of Sorensen's unreasonable conduct, but Sorensen continues to persist.

Therefore, Esseplast respectfully requests that Sorenson's motion for an exception the Stay be denied, and the Court consider sanctions or a fees award as it sees fit.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ESSEPLAST HAS MET ITS DUTY TO PRESERVE EVIDENCE AND WILL CONTINUE TO DO SO FOR THE DURATION OF THIS STAY.

An exception to the Stay is not necessary because, pursuant to its discovery obligations under the Federal Rules of Civil Procedure and as explained in its motion for a stay, Esseplast has already taken actions to preserve evidence. Sorensen's claims that evidence will be lost amount to nothing more than mere speculation. To the contrary, the relevant evidence has been and will continue to be preserved as Esseplast has notified its employees and its manufacturer of the need to preserve evidence. (Fuehrer Decl., ¶¶3-4.)

Sorensen's fears that evidence is slipping away while the USPTO reexamines the '184 patent are unfounded. Esseplast is legally obligated to preserve evidence, which it is doing. Sorensen's demand that Esseplast be ordered to provide "confirmation" of evidence preservation would be akin to a demand by Esseplast that Sorensen be ordered to confirm that he has abided by his Rule 11 obligations in filing and maintaining this lawsuit. Because relevant evidence will be preserved, the present Stay should be left in full effect.

## II. SORENSON'S MOTION FOR AN EXCEPTION TO THE STAY PRESENTS REPETITIVE ARGUMENTS ALREADY ADDRESSED AND REJECTED BY THE COURT.

This motion is almost entirely a regurgitation of Sorenson's arguments previously presented in his opposition to the Stay, which the Court already considered and found unpersuasive. Sorensen now argues that: (1) it is difficult to take discovery from third-party manufacturers; (2) non-parties may not currently be aware of the litigation and could, therefore destroy evidence; and (3) that Evercare's alleged recent acquisition of Esseplast in March of 2008 could result in a loss of evidence. The Court has already ruled on the first two arguments, and the third argument is based on a mis-statement of fact.

### A. The Court has Already Rejected Sorensen's Speculative Argument That Third-Party Manufacturers Will Destroy Relevant Evidence Despite Esseplast's Instructions to Preserve Evidence.

Sorensen argues that it is difficult to get information from third-party manufacturers, that molds are often sold for scrap metal after production ceases, and that every day that goes by

without production increases the likelihood that evidence will be lost or destroyed. (Plaintiff Jens Erik Sorensen's Motion for Exception to Stay to Preserve Evidence ("Mot. for Exception to Stay") at 3-4.) However, Sorensen already argued these points. Specifically, Sorensen previously argued that the intervening delay of a complete stay "will result in the loss of crucial, relevant evidence", that "there is no way to guarantee that relevant, discoverable evidence would not be lost", and that he is "unaware of whether relevant documents and witnesses are within the control of the named Defendant or non-parties." (Sorensen Opposition to Esseplast Motion for Stay ("Opp. to Stay") at 9-10, Fuehrer Decl., ¶5, Ex. B.)

Not only does Sorensen offer no new facts or arguments in support of his current request, but he ignores what Esseplast established in support of the Stay, namely that Esseplast has already instructed its employees and its foreign manufacturer to preserve any documents and things that might be evidence in this case. (Esseplast's Reply for Motion to Stay at 6, Fuehrer Decl., ¶¶3-4, 6, Ex. C.) Thus, Sorensen's unsupported allegation that there is "no reason to believe" that evidence is being preserved by Defendant and non-parties is groundless.

### B. The Court has Already Rejected Sorensen's Argument that Unidentified Non-Parties Exist Who Will Not Preserve Evidence Relevant to This Case.

Sorensen also argues that "unidentified, and thus non-party, manufacturers, suppliers, and importers, of the accused products may not have notice of this lawsuit" as a reason to lift the Stay. (Mot. for Exception to Stay at 4.) Again, in opposition to the Stay, Sorenson already has argued that "Plaintiff cannot confirm location of manufacture of the accused products or identity of knowledgeable witnesses and other evidence" and that potential defendants may not be made aware of this suit. (Opp. to Stay at 8 & 10, Fuehrer Decl., ¶5, Ex. B.) Without the presentation of any specific facts warranting a concern that Esseplast's manufacturer of the accused product (who has been placed on notice of this lawsuit) would fail to preserve evidence, there is no basis to question that Esseplast is adhering to its duty to preserve evidence during the Stay. This argument is no more persuasive now than when this Court previously rejected it.

### C. Sorensen's Argument that Evidence May Be Lost as a Result of Esseplast's "Recent" Acquisition is Both Unfounded and Factually Inaccurate.

The only fact raised in Sorensen's motion that was not previously considered by the Court is Sorensen's allegation that evidence may be lost or destroyed as a result of Esseplast's "recent" acquisition by the Evercare Company ("Evercare") on March 1, 2008. (Mot. for Exception to Stay at 4.) Sorenson's reasoning is both factually inaccurate and unfounded. This statement is factually inaccurate because Esseplast was acquired by Evercare in June of 2006 (Fuehrer Decl., ¶7), not in March of 2008 as Sorensen alleges on mere "information and belief." (Declaration of Melody Kramer in support of Sorenson's Motion for Exception to Stay ("Kramer Decl."), ¶9.)

Even if Sorensen's factual allegation were true, Esseplast has taken the proper steps to notify individuals in possession of potential evidence of the duty to preserve evidence during this Stay. Sorensen's statement that "often acquisitions result in the loss or destruction of material of the acquired company" is mere speculation and unsupported by specific facts or law. (Mot. for Exception to Stay at 4.)

### D. Sorensen's Motion Fails to Cite a Single Case Granting a Motion to Preserve Evidence and Does Not State Any Specific "Irreparable Harm" as Required by the Cited Case Law.

Sorensen's motion cites case law setting forth the legal standard for motions to preserve evidence. However, none of the courts in these cases actually granted a motion to preserve evidence. Moreover, Sorensen's Motion fails to demonstrate any specific, non-speculative "irreparable harm" he might suffer if the Court does not grant its Motion, or perform a balancing test, as required by the cases he cites. Esseplast has already presented case law supporting the Stay of this case in its motion papers in support of the Stay, which for brevity will not be repeated again here.

## III. THE COURT'S ORDER ALLOWING AN EXCEPTION TO THE STAY IN *SORENSON V. BLACK & DECKER* IS LIMITED TO THE FACTS OF THAT CASE AND IS INAPPLICABLE HERE.

In letters to Esseplast, and in his motion, Sorensen argues that he is justified in seeking discovery in the present case because limited discovery was granted in *Sorensen v. Black & Decker*, Case No. 06cv1572, "for preservation of evidence in circumstances similar to those in

this case." (June 4, 2008 and June 24, 2008 letters from Sorensen to Esseplast, Kramer Decl., ¶4, Ex. A.) To begin with, Sorensen contradicts even himself here, as he specifically argued in his opposition to the present Stay that "the specific critical facts in this case are substantially different than those in *Black & Decker*." (Opp. to Stay at 4, Fuehrer Decl., ¶5, Ex. B.) Now Sorensen alleges the circumstances are "similar." More importantly, the Court's decision to allow limited discovery in *Black & Decker* does not suggest that discovery is appropriate in this case at this time. A closer examination of the Court's order in *Black & Decker* shows that the circumstances and the requested relief in each case are very different.

In *Black & Decker*, significant discovery has already taken place, and Sorenson sought the production of certain additional documents and depositions regarding the corporate structure of Black & Decker entities; the right to seek a third-party subpoena directed at an out-of-state manufacturer; and the right to inspect a manufacturing plant in the United Kingdom. (*Black & Decker* hearing transcript at 10:23-25, 17:8-13, 18:21-24, 23:12-25, Fuehrer Decl., ¶8, Ex. D.) The discovery issues related to the corporate structure of a subsidiary are not applicable to this case. The Court's order granting Sorensen the right to seek a third-party subpoena in a Missouri court for a domestic manufacturer is distinguishable from the in-depth discovery regarding Esseplast's foreign manufacture that Sorensen now seeks in this action. (*Id.* at 23:12-25.) Additionally, when Sorensen requested discovery of a foreign entity in *Black & Decker*, the Court denied its request. (*Id.* at 26:2-9.)

Unlike *Black & Decker*, discovery has not begun in this case. As Sorensen admits, the specific facts in the Black & Decker case are "substantially different" both procedurally (in terms of how far discovery has already progressed) and factually (domestic subpoena versus "procedural steps" against a foreign manufacturer), and do not form a basis for requesting an exception to the Stay in this case.

## IV. THE REMAINING POINTS IN SORENSEN'S MOTION ARE FACTUALLY INCORRECT AND FAIL TO ARTICULATE A "SPECIFIC, VALID" REASON TO GRANT LIMITED DISCOVERY IN THIS CASE.

In an attempt to create the illusion of a specific, valid reason to lift the Stay in this case,

Sorenson makes several incorrect statements of fact. For example, Sorensen states that Defendant has already acknowledged the difficulty in getting process information from foreign third party manufacturers and defendant's counsel claims to have obtained manufacturing processing information only from second- or third-hand hearsay sources. (Mot. for Exception to Stay at 3-4.) To the contrary, during settlement discussions, counsel for Sorensen was not only provided with specific manufacturing processing information for the accused product, but was also specifically informed that this information came from an individual who has visited the manufacturing plant and who has first hand knowledge about how the accused product is manufactured. (Declaration of Alan Limbach in Opposition to Sorensen's Motion for Exception to Stay ("Limbach Decl."), ¶¶2-3.) In fact, counsel for Sorensen was even provided with the name of the individual. (*Id.*)

Sorensen further alleges that no offer to provide Plaintiff access to the manufacturing molds was ever made. This statement is misleading at best. During settlement discussions, Esseplast offered to make manufacturing evidence available to Sorensen in return for possibly dropping the lawsuit before the Answer was due. (Limbach Decl., ¶3.) That offer did not exclude any particular evidence (such as access to the manufacturing molds). (*Id.*) Sorensen never responded to the offer, forcing Esseplast to answer the Complaint and move for the Stay. (*Id.*)

Regardless of the inaccuracies of Sorenson's statements, Sorensen fails to articulate a specific, valid claim that the manufacturing process evidence is in danger of being destroyed during this Stay.

## V. SORENSEN'S CONDUCT IS IMPROPER AND HARASSING TO ESSEPLAST.

Sorensen's motion for an exception to the Stay in this case is one piece of a pattern of harassment that reveals the true necessity of the Court's Stay. Specifically, Sorensen has changed the relief he seeks with respect to the exception to the Stay and has attempted to informally add new products to this case to leverage discovery and/or settlement. In its many letters to Esseplast and successive motions to the Court, Sorensen continues to pursue discovery in this case against the Court's order and without any specific, valid reason to do so.

**A. Sorensen's Motion Seeks Different Relief than Sought from Esseplast in Correspondence Between the Parties.**

In Sorensen's April 17, 2008, letter to Esseplast, Sorensen's counsel demanded limited discovery from Esseplast in the form of 1) the production of all prototype and production molds for the Accused Products; 2) the design and technical documents for the Accused Product; 3) correspondence with foreign manufacturers regarding the Accused Product, and 4) Initial disclosures pursuant to Rule 26(a)(1). (April 17, 2008, letter from Sorensen to Esseplast, Kramer Decl., ¶4, Ex. A.) The June 4, 2008, letter from Sorensen's counsel repeated the demand for items 1, 2 and 4, but not item 3. (June 4, 2008, letter from Sorensen to Esseplast, Kramer Decl., ¶4, Ex. A.) However, Sorensen's Motion before the Court seeks 1) confirmation that Esseplast will preserve molds and design documents; 2) identification of non-parties relevant to the case; and 3) leave from the Court to acquire evidence from these non-parties. (Mot. for Exception to Stay at 2.) Sorensen continually changes his position on what discovery he demands or deems necessary, and there is no assurance that should he get the discovery he now seeks, that he will not be back before the Court asking for additional discovery.

**B. Sorensen's Motion Seeks Discovery Regarding Two Products Not Formally at Issue in this Case.**

Sorensen has harassed Esseplast further by attempting to add two new products to this case during the Stay. (Mot. for Exception to Stay at 2-4.) All allegations of infringement in the Complaint identify a single product as the basis of this suit: the Topfin Hand Held Glass Scrubber, and any other Esseplast products "manufactured utilizing similar processes." (Sorensen Complaint for Patent Infringement ("Compl."), ¶¶11-12, 15, Fuehrer Decl., ¶9, Ex. E.)

Sorenson's motion now names two additional accused products (the Clorox Flexible Scrub Brush and the Clorox Clip On Dust Pan) for which he also now requests discovery. (Mot. for Exception to Stay at 4.)[1] Sorensen has not formally accused these products as part of this case nor has he provided any basis to believe that these products infringe or are made using a similar process as the Topfin Hand Held Glass Scrubber. (Limbach Decl., ¶4.) In fact, several of the

[1] After the Complaint was filed and during settlement discussions, Sorensen requested manufacturing information for these two products. These products were not included in the Complaint, nor were they indicated as accused products in this case by Sorensen until his attempts to undo the Stay in this case. (Limbach Decl., ¶5.)

letters from Sorensen's counsel demanding limited discovery inconsistently make reference to "the Accused Product" and "the Accused Products." (April 17, 2008 & June 4, 2008, letters from Sorensen to Esseplast, Kramer Decl., ¶4, Ex. A.)

To illustrate how baseless the expansion of this case is to the other products, one need only consider the '184 patent and the newly identified Clip On Dust Pan product. The '184 patent is limited to a method of molding a thin-walled, hollow, plastic product having closed and open ends, where first and second plastic materials are molded together using a specific molding methodology. (United States Patent No. 4,935,184 at col. 9:31-10:13, Fuehrer Decl., ¶9, Ex. E.) In contrast, the Clip On Dust Pan product is made of plastic with a rubber strip, not plastic on plastic as required by the '184 patent. (Limbach Decl., ¶6) It is inconceivable that this product is made using a similar process as the accused product, and illustrates just how far reaching Sorensen's attempt is to add additional products to his requested exception to the Stay.

Clearly and without any justification, Sorensen now seeks to expand this case well beyond that which was before the Court when the Stay was initially granted, which is harassing to Esseplast.

### C. Sorensen Has Threatened to Search for More Accused Products if Esseplast Does Not Agree to Settle This Case.

Sorensen has revealed his strategy of using the specter of accusing additional Esseplast products as leverage against Esseplast. Counsel for Sorensen recently indicated by letter that if settlement could not be reached, that would only encourage Sorensen to "continue to look for products that may infringe."[2] (June 5, 2008, letter from Sorensen to Esseplast, Fuehrer Decl., ¶10, Ex. F.) Clearly, Sorensen is using any means necessary to expand the scope of this lawsuit and bypass the Stay now in effect. There is little doubt that if the Court grants Sorensen's motion, he will be back before this Court requesting additional discovery and for additional products. Esseplast respectfully requests that this Court put an end to this harassment by denying Sorenson's motion for an exception to the Stay.

---

[2] Plaintiff's letter of June 5, 2008 to Esseplast was not included in the copies of inter parties correspondence submitted in support of Sorensen's motion for exception to the Stay.

## VI. SORENSEN'S CONDUCT WARRANTS CONSIDERATION OF SANCTIONS AND/OR ATTORNEY FEES.

Sorensen's motion is nothing more than a second bite at the apple. As set forth above, the motion simply fails to raise any new fact or argument, let alone one that justifies an exception to the Stay. It is fundamentally unfair for Esseplast to continue to incur the cost of responding to Sorensen's repeated discovery demands and opposing this motion, simply on the grounds that Sorensen wants to re-argue the same issues as previously ruled on by the Court. Esseplast made clear in its responses to Sorensen that if he identified a specific, valid reason for discovery to preserve evidence, Esseplast would consider it. But, attempting end runs around the Stay without any legitimate basis would be opposed, and Esseplast would seek its costs and fees incurred by Sorensen's actions. (April 30 & June 25, 2008, letters from Esseplast to Sorensen, Kramer Decl., ¶4, Ex. A.)

Despite these warnings, Sorensen has filed the present motion without any specific, valid reason. As such, Esseplast requests that the Court consider sanctions or a fees award for Sorensen's conduct, or an indication that any such future conduct would incur such sanctions or fees, as the Court deems appropriate.

## CONCLUSION

For the reasons cited above, Esseplast respectfully requests that the Court deny Sorenson's motion for an exception to the Stay to preserve evidence, and consider sanctions or a fees award against Sorensen as the Court deems appropriate.

Esseplast does not believe that oral argument is warranted for this Motion, but as Sorensen has requested oral argument, if the Court deems oral argument necessary, Esseplast respectfully requests it to be conducted via telephonic conference.

Dated: August 6, 2008

DLA PIPER US LLP

By /s/ Alan Limbach
ALAN LIMBACH
Attorneys for Defendant
ESSEPLAST (USA) NC, INC.