ALAN A. LIMBACH (Bar No. 173059)
alan.limbach@dlapiper.com
M. ELIZABETH DAY (Bar No. 177125)
elizabeth.day@dlapiper.com
GREGORY J. LUNDELL (Bar No. 234941)
greg.lundell@dlapiper.com
ERIK R. FUEHRER (Bar No. 252578)
erik.fuehrer@dalpiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
ESSEPLAST USA (NC), INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff and Counter Defendant,<br><br>v.<br><br>ESSEPLAST USA (NC), INC., a Delaware corporation, and DOES 1-10,<br><br>Defendants and Counterclaimant. | CV NO. 07-cv-2277 BTM (CAB)<br><br>**DECLARATION OF ALAN LIMBACH IN OPPOSITION TO PLAINTIFF SORENSON'S MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>**Date: August 20, 2008**<br>**Time: 11:30 a.m.**<br>**Courtroom 15, Fifth Floor**<br>**Hon. Barry Ted Moskowitz** |

I, Alan Limbach, hereby declare as follows:

1. I am a partner with the law firm of DLA Piper US LLP, attorneys of record for Esseplast USA (NC), Inc. ("Esseplast"). I am licensed to practice law in the state of California and admitted to appear before this Court. The matters contained in this Declaration are of my personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. During settlement discussions, I verbally informed counsel for Plaintiff Jens Erik Sorensen ("Sorenson") that an Esseplast employee in Italy personally inspected the

manufacturing plant of the accused product in China, and that he had first hand knowledge of how the accused product is manufactured. I also provided Sorensen's counsel the name of that individual during these settlement discussions.

3. During settlement discussions, I provided to Sorensen's counsel specific details regarding how the accused product is manufactured, and offered to share whatever manufacturing evidence that would be necessary to allow the parties to settle the case and avoid having Esseplast file an Answer. The offer did not exclude any particular type of evidence, such as access to the manufacturing molds for the accused product. Sorensen never replied to this offer, forcing Esseplast to answer the Complaint and concurrently move for a stay of proceedings.

4. To my knowledge as counsel of record for Esseplast, Sorensen has not taken formal action with the Court to add either the Clorox Flexible Scrub Brush or Clorox Clip On Dust Pan as accused products in this case nor has he provided Esseplast with any basis to believe that Esseplast infringes those two products or that those products are made by a similar process as the Topfin Hand Held Glass Scrubber.

5. After the Complaint for the present lawsuit was filed and during settlement discussions, Sorensen's counsel requested information about the Clorox Flexible Scrub Brush and Clorox Clip On Dust Pan. However, Sorensen did not include those products in the Complaint or otherwise indicate those products were accused products in the case until his attempts to undo the Stay in this case.

6. On information and belief, the Clorox Clip On Dust Pan product referenced in Sorensen's motion for an exception to the Stay is a simple plastic dust pan design made with a rubber strip.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on this 6th day of August, 2008 at East Palo Alto, California.

/s/ Alan Limbach
Alan Limbach
DLA PIPER US LLP