MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br>v.<br><br>ESSEPLAST (USA) NC, INC., a Delaware corporation, and DOES 1-100,<br><br>Defendants.<br>______________________________<br><br>and related counterclaims. | Case No. 07cv02277 BTM CAB<br><br>**DECLARATION OF MELODY KRAMER #2 IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date: August 20, 2008<br>Time: 11:00 a.m.<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz<br><br>***Oral Argument Has Been Respectfully Requested by Plaintiff*** |

//

I, MELODY A. KRAMER, declare:

1. I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2. At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("SRDT"), Plaintiff in the above-captioned matter.

3. This Declaration is being submitted in conjunction with Plaintiff's Reply to Opposition to Motion for Exception to Stay for Preservation of Evidence.

4. I was party to a telephone conversation with Mr. Limbach which he refers to in his Declaration in Support of Esseplast's Opposition. Mr. Limbach's explanation of the process to me was of only one of three accused products during a settlement communication and amounted to little more than his uninformed impression that the process did not use a common mold part.

5. However, without actually seeing the molds, comparing them with the parts, and examining the source of Mr. Limbach information, there is no way for Plaintiff to cross-check the information and reach its own conclusion as to the truth or veracity of those statements.

6. Mr. Limbach did not identify any contact information for this person that he supposedly talked to, did not identify what company he worked for, did not identify what third-party vendor in China he supposedly talked with, and did not identify or provide any documents reviewed. Furthermore, the entire conversation was protected under Fed.R.Evid. Rule 408.

7. Mr. Limbach did not offer to provide Plaintiff with access to molds. Mr. Limbach has previously claimed in a letter to me that such an offer was made, and I responded by letter correcting the error.

8. Mr. Limbach made no representations in the settlement discussion as to the Clorox manufacturing process, but provided an unexplained opinion that the process did not infringe.

9. To clarify, two Clorox products were inadvertently not specifically identified within the Complaint, but due to the litigation stay, have not been formally added in any pleadings. However, Esseplast is fully aware that they are included within the general descriptive language of the Complaint because I have identified them to Esseplast's counsel.

10. Contrary to Mr. Limbach's claim in his declaration at Paragraph 4 that Plaintiff has not provided Esseplast with any basis to believe that the Clorox products infringe, Plaintiff's counsel, Mr. Kaler, sent Esseplast an infringement notice dated September 12, 2006 identifying those products, and enclosing drawings, claim charts, and a copy of the '184 patent. Furthermore, by letter dated January 10, 2008, I advised Mr. Limbach of these additional products.

SWORN TO under penalty of perjury of the laws of the State of California and the United States, this 26th day of June, 2008.

/s/ Melody A. Kramer
Melody A. Kramer, Esq.