MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br>v.<br><br>ESSEPLAST (USA) NC, INC., a Delaware corporation, and DOES 1-100,<br><br>Defendants.<br><br>and related counterclaims. | Case No. 07cv02277 BTM CAB<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF MR. FUEHRER AND MR. LIMBACH FILED IN SUPPORT OF MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date: August 20, 2008<br>Time: 11:30 a.m.<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz<br><br>***Oral Argument Has Been Respectfully Requested by Plaintiff*** |

//

Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("SRDT"), hereby respectfully submits the following evidentiary objections to the following:

1. Declaration of Alan Limbach in Opposition to Plaintiff Sorensen's Motion for Exception to Stay to Preserve Evidence, Docket #39-2 ("Limbach Declaration") (Docket #39-2) and;

2. Declaration of Erik R. Fuehrer in Opposition to Plaintiff Sorensen's Motion for Exception to Stay to Preserve Evidence, Docket #39-3 ("Fuehrer Declaration") (Docket #39-3).

Plaintiff hereby requests that the Court strike all portions of the declarations that are not admissible evidence under the Federal Rules of Evidence. The rules referenced are set forth first for reference.

> **Rule 401. Definition of "Relevant Evidence."** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
>
> **Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.** All relevant evidence is admissible, . . . Evidence which is not relevant is not admissible.
>
> **Rule 408(a). Compromise and Offers to Compromise**
> (a) Prohibited uses.—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish or accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise the claim ; and
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

**Rule 602. Lack of Personal Knowledge.** A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

**Rule 802. Hearsay Rule.** Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

| Portion of Declaration | Evidentiary Objections |
|---|---|
| Limbach Declaration, paragraphs 2 and 3 | Hearsay (Rule 802); Inadmissible settlement discussions (Rule 408); Irrelevant (Rules 401 and 402)<br><br>Paragraph 2 attempts to offer hearsay upon hearsay to prove the existence of a material fact. Mr. Limbach is saying that he told Plaintiff's counsel something that was purportedly said by someone in Italy who inspected something in China. The contents of statements of persons other than Mr. Limbach are hearsay, and the fact that Mr. Limbach conveyed hearsay to Ms. Kramer during a settlement discussion is irrelevant to any issue in this motion. Mr. Limbach did not identify the manufacturer(s) for any of the accused products to Ms. Kramer.<br><br>Paragraph 3 likewise attempts to offer hearsay upon hearsay, saying that he told Ms. Kramer what the manufacturing process was (the purported hearsay content). As to the remainder of the paragraph it is simply a conveyance of his version of settlement discussions which are irrelevant to this motion. |

| | |
|---|---|
| Fuehrer Declaration, paragraph 3 | <u>Hearsay (Rule 802); Irrelevant (Rules 401 and 402)</u><br><br>This paragraph states that an officer of oneCARE Company, neither a party to this case, nor the client of the declarant, sent a certain electronic communication to Esseplast employees and purports to summarize its contents.<br><br>This is nothing more than hearsay offered to prove a material fact – whether evidence is being preserved.<br><br>Furthermore, it is irrelevant in that it does not purport to include reference to all three accused products, doesn't clearly cover the evidence that is the subject of the pending motion. It also falls far short of ensuring any preservation of evidence. |
| Fuehrer Declaration, paragraph 4 | <u>Hearsay (Rule 802); Irrelevant (Rules 401 and 402)</u><br><br>This paragraph states that another person in Hong Kong, an employee of neither a party to this case, nor the client of the declarant, delivered a letter to an unidentified third party manufacturer "describing the necessity of document preservation" and purports to summarize its contents.<br><br>This is nothing more than hearsay offered to prove a material fact – whether evidence is being preserved.<br><br>Furthermore, it is irrelevant in that it does not purport to include reference to all three accused products, doesn't clearly cover the |

| | |
|---|---|
| | evidence that is the subject of the pending motion. It also falls far short of ensuring any preservation of evidence. |

RESPECTFULLY SUBMITTED this Wednesday, August 13, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer

Melody A. Kramer, Esq.
J. Michael Kaler, Esq.
Attorneys for Plaintiff