**MELODY A. KRAMER**, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

**J. MICHAEL KALER**, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ESSEPLAST (USA) NC, INC., a Delaware corporation, and DOES 1-100,<br><br>Defendants.<br>______________________________<br>and related counterclaims. | Case No. 07cv2277 BTM CAB<br><br>**FIRST AMENDED[1] COMPLAINT FOR PATENT INFRINGEMENT**<br><br>REQUEST FOR JURY TRIAL |

//

[1] Amended to add two new accused products in paragraph 15.

Plaintiff JENS E. SORENSEN, as TRUSTEE OF THE SORENSEN RESEARCH AND DEVELOPMENT TRUST ("SRDT"), pursuant to leave granted by the Court, files this AMENDED Complaint for Patent Infringement against Defendant ESSEPLAST USA (NC) INC. ("ESSEPLAST"), and DOES 1- 10 alleges as follows:

**THE PARTIES**

1. SRDT is a California resident, and the trustee of a trust organized according to California law, and owner of all rights to United States Patent No. 4,935,184 (hereinafter "'184 patent") attached hereto as Exhibit A.

2. Defendant ESSEPLAST is a corporation organized under the laws of Delaware, having a principal office located at 7600 Statesville Road, Charlotte, North Carolina 28269, engaged in the manufacture, import, sale, and or offer for sale within the United States, including this District, of various plastic products, including products sold through PetSmart stores.

3. Defendant DOES 1 through 100 are entities, form unknown, who, upon information and belief, are collectively and individually, each involved in the infringing activities described herein.

4. On information and belief, Defendants have acted as agents of one or more of each other during some or all of the times relative to the subject matter of this Complaint.

**JURISDICTION and VENUE**

5. This action arises under the Patent Laws of the United States of America, Title 35, United States Code. Jurisdiction is founded on Title 28, United States Code §§ 1331, 1332(a), and 1338(a).

6. On information and belief, venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendant ESSEPLAST has committed acts of

infringement and has an extensive network of authorized dealers which sell its products at their regular and established places of business.

7. This Court has personal jurisdiction over Defendant ESSEPLAST under the long-arm statute of California and U.S. constitutional law because Defendant ESSEPLAST ships its products into the Southern District of California, offers those products for sale and sells those products in this district, and maintains a network of authorized distribution arrangements with retailers in this district for the purpose of selling ESSEPLAST products.

## GENERAL ALLEGATIONS

8. The ‘184 patent entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complimentary Mold Parts," was issued on June 19, 1990.

9. Defendants have been on constructive notice of the ‘184 patent since its issuance on June 19, 1990.

10. Defendants have been on actual notice of the ‘184 patented process at least as early as June 2006.

11. Upon information and belief, the Defendants have engaged in design, manufacture, import, sell, and/or offer for sale within the United States, including this District, products that have dual-layer external plastic housings.

12. On information and belief, said products identified herein and as-yet-unidentified products manufactured through the same or substantially similar process are manufactured through processes which incorporate all elements of Claim 1 of the ‘184 patented process.

13. The Defendants have not obtained a license or any other authorization from the Plaintiff for manufacture, import, sale, and/or offer for sale in the United States of products manufactured through use of the ‘184 patented process.

**CLAIM FOR RELIEF**

**(Patent Infringement)**

14. SRDT realleges and incorporates herein by reference paragraphs 1 through 13, inclusive, as though fully set forth herein.

15. On information and belief, ESSEPLAST has in the past and does presently make, import into, sell or offer for sale within the United States and this District, products manufactured through processes which incorporate all elements of the ‘184 patented process. Those products include:

| |
|---|
| **THE TOPFIN HAND HELD GLASS SCRUBBER** |
| **CLOROX FLEXIBLE SCRUB BRUSH** |
| **CLOROX CLIP ON DUSTPAN** |

and any other ESSEPLAST products sold under any name which are manufactured utilizing similar processes, including but not limited to, any other product manufactured using the same injection mold as any of the identified product.

16. Upon information and belief, ESSEPLAST controls the nature and quality of the Accused Products and manufactures these products in accordance with its design and product specifications.

17. ESSEPLAST possesses the manufacturing process information for the Accused Products.

18. ESSEPLAST has been offered an opportunity to refut Plaintiff’s infringement analysis or deny infringement, but has not done so.

19. Pursuant to 35 U.S.C. § 295, ESSEPLAST has been requested to provide information about the manufacturing process for the Accused Products that could either prove or disprove the use of the ‘184 patented process, but has not done so.

20. SRDT also offered to negotiate a license with ESSEPLAST for its use of the ‘184 patent in the event that ESSEPLAST could not demonstrate that it was

not using the ‘184 patented process in making the Accused Products.

21. Despite the evidence of patent infringement, ESSEPLAST has not procured a license for its use of the ‘184 patent.

22. On information and belief, ESSEPLAST continues to make, use, sell and/or offer for sale within the United States and this District, and import into the United States ESSEPLAST products using the ‘184 patent process, without authority to do so, in violation of 35 U.S.C. § 271, knowing such to be an infringement of the ‘184 patent, and in wanton and willful disregard of SRDT’s ‘184 patent rights.

23. On information and belief, ESSEPLAST continues to contribute to infringement of the ‘184 patent and induces others to infringe the ‘184 patent by virtue of making, selling, using and/or offering for sale within the United States and this District, and importing into the United States, ESSEPLAST products manufactured using the ‘184 patent process in wanton and willful disregard of SRDT’s ‘184 patent rights.

24. On information and belief, the conduct of ESSEPLAST in willfully continuing to infringe the ‘184 patent, and to contribute to infringement and induce others to infringe the ‘184 patent, by the acts alleged hereinabove despite being on both constructive notice and actual notice, is deliberate, thus making this an exceptional case within the meaning of 35 U.S.C. § 285.

25. On information and belief, SRDT has suffered and is continuing to suffer damages by reason of ESSEPLAST infringing conduct alleged hereinabove. The damages for ESSEPLAST’s conduct are in an amount that constitutes at least a reasonable royalty for all of ESSEPLAST’s sales of the Accused Products during the last six years.

26. On information and belief, the reasonable royalty owed to SRDT from ESSEPLAST should be calculated at no less than eight percent (8%) of gross sales of the Accused Products and according to proof at trial.

27. On information and belief, the reasonable royalty owed to SRDT from

ESSEPLAST should be trebled on account of willful infringement by ESSEPLAST, and according to proof at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** SRDT prays that judgment be entered as follows:

a. For a determination that the Accused Processes are presumed to infringe the ‘184 patent pursuant to 35 U.S.C. § 295;

b. ESSEPLAST is adjudicated and decreed to have infringed the ‘184 patent;

c. ESSEPLAST is adjudicated and decreed to have contributed to the infringement of the ‘184 patent and to have induced others to infringe the ‘184 patent;

e. ESSEPLAST is ordered to account for damages adequate to compensate SRDT for the infringement of ‘184 patent, their contributory infringement of the ‘184 patent, and their inducement of infringement of the ‘184 patent, in the amount no less than eight percent (8%) of gross sales as reasonable royalties for all sales of Accused Products for the past six years and according to proof at trial, and such damages are awarded to SRDT;

f. Such damages as are awarded are trebled by the Court pursuant to 35 U.S.C. § 284 by reason of the willful, wanton, and deliberate nature of the infringement according to proof at trial;

g. That this case is decreed an “exceptional case” and SRDT is awarded reasonable attorneys’ fees by the Court pursuant to 35 U.S.C. § 285;

h. For interest thereon at the legal rate;

i. For costs of suit herein incurred;

j. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

SRDT respectfully requests that its claims be tried to a jury.

DATED this Tuesday, September 02, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer

Melody A. Kramer, Esq.
J. Michael Kaler, Esq.
Attorneys for Plaintiff

# PROOF OF SERVICE

I, Melody A. Kramer, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.

On Tuesday, September 02, 2008, I served the following documents:

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Alan A. Limbach<br>Gregory J. Lundell<br>Elizabeth Day<br>Vincent S Lam<br>Erik R. Fuehrer<br>DLA Piper USA LLC<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>alan.limbach@dlapiper.com<br>greg.lundell@dlapiper.com<br>elizabeth.day@dlapiper.com<br>vincent.lam@dlapiper.com<br>erik.fuehrer@dlapiper.com | Esseplast (USA) NC, Inc. | Email--Pleadings Filed with the Court via CM/ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

- [X] (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

- [ ] (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

I declare that the foregoing is true and correct, and that this declaration was executed on Tuesday, September 02, 2008, in San Diego, California.

/s/ Melody A. Kramer

Melody A. Kramer