# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH & DEVELOPMENT TRUST,<br><br>  Plaintiff,<br><br>  v.<br><br>GIANT INTERNATIONAL (USA) LTD., et al.,<br><br>  Defendants. | Case Nos.:<br><br>07cv2121, 07cv2277, 07cv2278, 08cv60, 08cv70, 08cv134, 08cv136, 08cv232, 08cv234, 08cv304, 08cv305, 08cv306, 08cv309, 08cv411, 08cv559<br><br>**JOINT ORDER DENYING MOTIONS TO LIFT STAY** |

Plaintiff has filed "Motion(s) to Terminate Immoderate and Unlawful Stay" in fifteen related cases. For the reasons discussed below, the Motions are **DENIED.**

## I. BACKGROUND

Plaintiff has asserted patent infringement claims against each of the defendants in the fifteen above-captioned cases. These claims are all related to the same patent: U.S. Patent No. 4,935,184 ("'184 Patent"). Plaintiff filed these suits at various times over the past several years, and because the Court has stayed each of these cases, virtually all of them are in the

early stages of litigation.

The Court has stayed each of these cases because the United States Patent and Trademark Office ("PTO") is conducting a reexamination of the '184 Patent. If the PTO rejects the claims in the '184 Patent, all of these cases will be subject to dismissal. On the other hand, if the PTO accepts the claims in the '184 Patent, Plaintiff may proceed with its cases. Thus, the outcome of the reexamination will significantly affect these cases.

The PTO's reexamination proceedings have continued for approximately two years. In its most recent communication, on August 29, 2009, the PTO issued a non-final office action rejecting all of the relevant claims in the '184 Patent.

Shortly after this office action, Plaintiff filed its "Motion(s) to Terminate Immoderate and Unlawful Stay." This is Plaintiff's second motion to lift the stay in seven months. Plaintiff filed its first motion in March 2009, and the Court issued an order denying it on July 10, 2009. In that order, the Court reasoned because the reexamination was still ongoing, all the factors supporting the initial issuance of the stay— namely that Plaintiff had not established undue prejudice, and the PTO's reexamination would simplify the issues and save expense—were still present.

In its present motion to lift the stay, Plaintiff argues that the PTO has reversed course in its most recent office action rejecting the claims in the '184 Patent, and that the reexamination proceedings have no foreseeable conclusion. Therefore, Plaintiff contends, the stays are immoderate and unlawful in duration. Plaintiff further argues that the Court has unlawfully required it to submit to reexamination before proceeding with its cases.

## II.  DISCUSSION

The stays in these related cases are neither immoderate nor unlawful, and the Court has the authority to stay patent infringement suits pending the outcome of a reexamination proceeding related to the patent at issue.

"Courts have inherent power to stay an action pending the conclusion of PTO reexamination proceedings." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir.

1988). There is a "liberal policy" in favor of granting motions to stay pending the outcome of PTO reexamination proceedings. ACII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). Indeed, federal district courts routinely stay patent infringement suits pending the outcome of reexamination proceedings. (See Central Purchasing LLC's Opp., 9–10 (citing dozens of cases).)

In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) the stage of litigation; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and the trial of the case. See, e.g., Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999). The Court previously found that all factors support the issuance of a stay in these cases. Specifically, the court held that because these cases are in the early stages of litigation, Plaintiff has not established prejudice, and, for obvious reasons, the outcome of the reexamination proceeding will simplify the issues in this case. See Sorensen v. Black and Decker, 06cv1572, Docket No. 243.

None of the facts supporting the initial issuance of the stay have changed materially. In fact, the only new development since the Court's denial of the first motion to lift the stays is the PTO's office action, which indicates that the PTO may soon reject all of the claims in the '184 Patent. This fact only supports the further continuance of the stays. And contrary to the Plaintiff's claims, the stays are not indefinite; they will be terminated upon the conclusion of the reexamination—or sooner if the reexamination proceedings continue for an unreasonable length of time. But currently it appears that the PTO's reexamination is continuing apace, and the Court is not persuaded that the reexamination proceedings will continue indefinitely.

Lastly, and contrary to Plaintiff's assertion, the Court has not required Plaintiff to submit to reexamination proceedings before bringing suit. Instead, the Court has stayed litigation pending the outcome of reexamination proceedings, which is well within the Court's authority. See, e.g., Ethicon, Inc. v. Quigg, 849 F.2d at 1426–27.

Notwithstanding the analysis set forth above, the Court does not believe the stay should be indefinite. On August 29, 2009, the PTO took preliminary action indicating possible invalidity of the claims. Plaintiff has responded to that action. It seems that the PTO can resolve these issues in the next several months. If the PTO can not, the light at the end of the tunnel may be so dim that the length of time required to traverse the distance becomes unreasonable. Therefore, assuming that Plaintiff does not seek any further delays in connection with the PTO's reconsideration, the stay will expire no later than **April 30, 2010**. The parties in all pending '184 Patent cases shall appear before the Court for a status conference on **May 5, 2010 at 4:00 p.m.**

### III. CONCLUSION

For all of these reasons, the Court **DENIES** Plaintiff's "Motion(s) to Terminate Immoderate and Unlawful Stay" in the fifteen related cases. So long as Plaintiff takes no action to delay the reexamination proceedings, the stay shall expire on April 30, 2010. Any party may apply to the Court for an exception to the stay if it has specific, valid reasons to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay.

**IT IS SO ORDERED.**

DATED: December 21, 2009

Honorable Barry Ted Moskowitz
United States District Judge

4